ROBERT D. ANDERSON and others v. ANASTASIUS NICHOLAS.

Where certificates of stock were wrongfully taken from the possession of the owners, by a lad sixteen years of age, and sold to the defendant for $3 per share, when the stock was worth $10, and the same was actually sold by the defendant for $7 per share, immediately afterwards ; *Held* that the purchase of such a species of property by the defendant from a lad of that age, for less than one-third of its value, could not be deemed *bona fide;* and that the purchaser acquired no greater or better title to it than that possessed by the person from whom he received it.

*Held,* also, that the defendant was guilty of a conversion of the stock, and upon his refusal to restore it, or pay its value, on demand, the plaintiff was entitled to recover the value thereof, with interest.

APPEAL from a judgment of the Supreme Court, entered upon the report of a referee. The following facts were found by the referee, viz: That the plaintiffs were possessed of and owned, as partners, twenty shares of the capital stock of the American Guano Company; and that on or about the 25th day of October, 1858, one Alexander H. Anderson, a son of the plaintiff Robert D. Anderson, and a minor of the age of about sixteen years, without the leave, permission, authority or knowledge of the plaintiffs, or either of them, wrongfully took said twenty shares of stock out of the possession of the plaintiffs. That the said twenty shares so taken were in one certificate, and were in all respects, except as to the number of shares and the number of the certificate, like the following:

"No. 732.     AMERICAN GUANO COMPANY.     One share.

This is to certify that A. G. Benson, president, of New York, is entitled to one share in the capital stock of the American Guano Company, standing in his name, and transferable on the books of said company only upon surrender of this certificate by the said A. G. Benson, president, or his attorney. New York, 7th January, 1856.

JOS. L. WYCKOFF,               A. G. BENSON,
         *Treasurer.*                 *President."*

Indorsed upon each certificate was a blank power of attorney, signed by the president, authorizing the transfer of the certificate.

That the said stock was not sold and disposed of to the defendant; but that said Alexander, on or about the said 25th of October, 1858, offered to dispose of said twenty shares of stock to the defendant; that the defendant offered said Alexander $3 per share for the same, which amount said Alexander at first refused to take, but almost immediately afterwards agreed to accept, and so stated to the defendant; and that thereupon the defendant took said stock from said Alexander, went out to inquire about the same; and, upon returning to his office, finding several persons waiting in the back room to do business with him, he stated to his clerk, George M. Bowen, that it was all right, and that he might do as he pleased about buying it, and thereupon handed said certificate of twenty shares to his said clerk; whereupon the said clerk closed the transaction with the said Alexander, by paying him $3 per share and retaining the said twenty shares of stock. That at no time prior to the commencement of this suit was any intimation made to either of the plaintiffs that said clerk had ever had any interest in said stock; and that no part of said $60, received by said Alexander, was received by or went to the benefit of said plaintiffs, or either of them. That shortly thereafter the said Bowen delivered said stock to the defendant to sell for him. That the defendant thereupon caused said stock to be sold in his own name, by H. T. Morgan & Co., brokers, at the stock board, on the next day after the same was obtained as aforesaid, of said Alexander, for $7 per share; received the proceeds of the sale, and accounted to said Bowen for such proceeds, less his commission for such sale. That at the time of such sale by the defendant, the said stock was of the value of ten dollars per share, amounting in the aggregate to the sum of two hundred dollars. That a day or two after such sale, and before the commencement of this suit, the

plaintiffs demanded of the defendant the return of said stock, or the value thereof, stating to the defendant that the plaintiffs owned the stock, and that the said Alexander had taken it without the leave or knowledge of the plaintiffs, or either of them, and offering, if the defendant would pay the difference between the $60 given for the stock and the $140 received by him on its sale, to take that in full satisfaction. The defendant admitted, at this time, in the presence of his said clerk, that he, the defendant, had purchased the said shares of said Alexander for $3 a share, and had sold the same for $7 a share, and received the avails thereof; but that the said defendant refused to return or deliver the same, or to pay the value thereof, or any part thereof.

————, for the appellant.

*Charles W. Prentiss*, for the respondents.

DAVIES, J.    The referee who tried this action has found that the plaintiffs were the owners and holders of twenty shares of the capital stock of the American Guano Company, and that the certificate therefor was issued to the name of A. G. Benson, the president of said company, and that he had indorsed thereon a blank power of attorney, authorizing the transfer thereof to any person. This certificate, with the blank power thereon, were wrongfully taken by a person from the possession of the plaintiff, and who sold and delivered the same to one Bowen, a clerk of the defendant. The latter paid therefor $3 per share, and on the next day Bowen delivered said stock to the defendant, who sold the same for $7 a share, although the value thereof at the time was $10 per share. That within a day or two afterwards, and before the commencement of this suit, the plaintiffs demanded of the defendant a return of said stock, at the value thereof, stating that they owned the same, and that the person named had taken it from them, without their leave or knowledge, or that

of either of them, and offered if the defendant would pay
the difference between the $60, given for the stock, and the
$140 received by him on its sale that the same would be
accepted in full for the stock, and the defendant then admit-
ted, in presence of his clerk Bowen, that he, the defendant,
had purchased the stock of said Alexander for $3 a share,
and had sold the same for $7 a share, and received the avails
thereof, but refused to return or deliver the same, or to pay
the balance thereof, or any part thereof. Upon these facts
the referee found as a conclusion of law, that the plaintiffs
were entitled to recover the sum of $200, being the value of
said stock, with interest from the 10th of November, 1858,
the day of the commencement of this suit. And judgment
in favor of the plaintiff was rendered upon said report, and
the same was affirmed at general term. The appellant has
furnished no points.

There can be no question upon the correctness of this re-
covery. The stock, sold and converted by the defendant, and
the avails of which he received, was indisputably the property
of the plaintiff. The conversion by the defendant was dis-
tinctly found. The defendant acquired no title thereto, by the
delivery thereof to him by the person who purloined the same
from the plaintiffs, and he therefore acquired no greater or
better title to it than that possessed by the person from whom
he received it. (*Mechanics' Bank* v. *New York & N. H. R.
Co.*, 3 Kern. 599.) The person taking this stock from the
plaintiffs had no legal right to the same, and he could confer
on the defendant no stronger or better claim to the stock
than he possessed. The plaintiffs were entitled to recover
the value of the stock, with the interest as found by the
referree, and the judgment should be affirmed with costs.

DENIO, Ch. J. The findings of the referee contain items
of evidence rather than conclusions of fact. The matters so
found led, however, to a very satisfactory conclusion that the
purchase by the defendant was not in good faith. The buy-

ing of such a species of property from a lad sixteen years old, for one third of its market value, could not well have been *bona fide.* The same remark may be made respecting the attempt to disguise the transaction as one in which the defendant's clerk was the purchaser instead of himself. The general report of the referee in favor of the plaintiff, shows the view which he took of these two features of the case. It establishes the position that he held the purchase to have been made by the defendant himself, and that it was made under circumstances of so much suspicion that the defendant was put on inquiry, and was chargeable with notice that the possession of the paper by the lad was not that of an owner. The manœuvre by which the clerk was brought forward as the nominal purchaser, alone, indicates a conciousness on the part of the defendant that the purchase was not a safe or proper transaction.

These remarks assume that a *bona fide* purchase of the scrip would have divested the plaintiffs of their property in it. But I do not concede that it had such a negotiable quality as to be transferable by delivery, like a promissory note. What I have attempted to show is that even upon the assumption of its full negotiability, the defendant could not avail himself of a purchase made under the circumstances disclosed in the case.

If the scrip was not negotiable, and so was capable of being followed by the owner, it was not capable of being converted, and a conversion was established by showing that it had passed out of the defendant's hands by sale at the broker's board.

I am for affirming the judgment, and for allowing ten per cent damages for the delay caused by this appeal.

HOGEBOOM, J. I do not discover any defense whatever to the plaintiffs' action. They have successfully established the three propositions necessary to maintain their action. 1. Their unquestionable ownership of the property. 2. The

defendant's conversion of the property; his receipt of it from a person not authorized to pass the title; and his refusal to restore it, or its value, upon demand. 3. The value of the property.

As no defense is shown to this view of the case, the result is that the judgment must be *affirmed*.

All the other Judges concurring,

Judgment affirmed.