BERTRAND KUHN, *Respondent, v.* JOHN D. T. McALLISTER, *Appellant.*

FORMS OF ACTION UNDER THE CODE.—Under our Practice Act it is immaterial whether the language used in the complaint be that belonging to one form of action or another, or to no form of action; the material question is, do the facts stated show that the Plaintiff is entitled to any remedy, legal or equitable.

" SHARES " OF STOCK IN CONVERSION.—Shares of stock in an incorporated company are recognized as a subject of conversion, and suit can be maintained therefor and a recovery of the value had.

MOTION TO OPEN DEFAULT.—A judgment by default will not be vacated and a new trial had unless where the affidavits fail to show any meritorious defense.

DEFENCE IN CONVERSION.—In an action for conversion of stock, it is no defense that some other party took the property in the first instance.

WANT OF DILIGENCE IN MAKING MOTION.—When the demurrer of Defendant was overruled more than six months before he moved to be allowed to answer; *held*, want of diligence, and such motion should be denied.

DEFENDANTS RELIANCE UPON THIRD PARTIES.—It is no excuse, in a motion to set aside a default, that the Defendant had relied upon the promises of others.

APPEAL from the Third District Court.

The facts appear in the Opinion.

*Sutherland & Bates*, for Appellant.

*Tilford & Hagan*, for Respondent.

BOREMAN, J., delivered the Opinion of the Court.

This is a suit to recover damages for the conversion by the Defendant of two hundred and fifty shares of capital stock of a mining company.

In the Court below judgment went against the Defendant by default, and Defendant has appealed to this Court, and now here alleges that the complaint does not state facts sufficient to constitute a cause of action. The

35

insufficiency is alleged to consist in bringing this suit for damages for the conversion of "shares" of stock, as "shares" are incorporeal, and a party cannot be charged with taking and converting the same, or in other words, that this is an action of trover, and that trover cannot be maintained for shares of stock. We do not think that this is exactly the question which we are called upon to consider. It is not necessary for us to consider that this is an action of trover, and that trover is not the proper remedy. To do so would be to tie the pleadings down again to set forms. Some of the language used may be that used in trover, but some certainly is not, and it matters very little under the Practice Act, whether the language used be that belonging to the form of one action or another, or to no form of action. The material question is, do the facts stated show the Plaintiff entitled to any remedy, legal or equitable. If so then the Court could not say that the complaint did not state facts sufficient to constitute a cause of action.

It is asserted that the Defendant "took" these shares, and great stress is laid upon that word. If this were an action in trover that word would not be proper, it belongs to replevin, but the word "found" would take its place, yet whether the one or the other word be used, it would in trover be not very material, as the gist of the action is the conversion.

But cannot a man convert shares in stock? He can mortgage them; they can be sold under judgment and execution; they can be attached; and they can be pledged. Wilson *v.* Little, 2 Comstock 443.

At Common Law, strictly speaking, shares could neither be mortgaged, sold under execution, attached or pledged. This rule has, however, been greatly relaxed, in some instances by statute and in others by the rulings of the Courts. Joint stock companies are becoming so numerous, and so large an amount of the property of the community is invested in them, that it becomes a necessity to treat stocks very much as other personal property. Hence we find in Massachusetts it is held

that a contract for the sale of shares in a manufacturing company, is a contract for the sale of goods, wares and merchandise. Tisdale v. Harris, 9 Pick. 9. And where in New York, stock has been wrongfully converted by a trustee, the *cestui que trust* may either compel a re-delivery of the stock or claim the value at the time of the conversion. Hart v. Ten Eyck, 2 John Ch. 117. This more modern and liberal rule is recognized also in California. Atkins v. Gamble, 42 Cal. 100. And in New York we find that stock is recognized as a subject of conversion, and suit can be brought therefor, and a recovery of the value had. Anderson v. Nicholas, 28 N. Y. 600.

Likewise in Nevada we find the right to sue for the conversion of stock. In 8 Nevada, 352, Boylan v. Hagnel, there is a case of this character. It is an action in trover for the conversion of mining stock. The rule seems to be settling down to be that shares are to be treated as other personal property. The word "share" seems to be used much of the time in the reports as including the certificate—which certainly is tangible—and in the case before us the word share is declared to be embraced in the certificate, and if the share be taken, it necessarily follows that the certificate was. But this is not left to mere inference, for the complaint says that Defendant " took the said two hundred and fifty shares described as aforesaid." They were described as contained in and represented by " the certificates." But formerly at Common Law, the certificates were in the same situation as the shares, for neither could be the subject of an action of trover. It is admitted by the Appellant that trover can be maintained for certificates of stock. From what we have said, therefore, we conclude that the complaint is sufficient to support the judgment.

Upon the application to set aside the judgment and default, affidavits filed show that Richard W. McAllister took the shares, but that he was intrusted with the whole matter by the Defendant for whom he was acting.

He was thus the agent of the Defendant. This fact does not show merits in the defence, for the action of Richard W. was the action of the Defendant. As to the conversion, it makes no matter of difference that some other party took the property in the first instance. Briggs *v.* Wagenhein, Cal. Cal. S. C. Oct. 7, 1869. Where " certificates of stock " were even purchased from another, the holder was liable if they were wrongfully taken from the owner, and the purchaser had reason to suspect this. Anderson *v.* Nicholas, 28 N. Y. 600. The witnesses seem to swear to all they know about the case, yet we can discover no special merits that would justify a reversal of the action of the Court below, even if the Defendant did show proper dilligence. And we do not think any dilligence whatever was used; certainly no reasonable dilligence was used. The action was begun on the 9th of September, 1873, and upon the following day Defendant was served with the summons. On the 18th of said September he appeared and demurred. On the 15th of April, 1874, he withdrew the demurrer and took ten days in which to answer. On the 28th of the same month (April), no answer having been filed, default was entered. Then on the 13th of October following, nearly six months after default, Plaintiff introduced his proof and judgment was entered in his favor. Afterwards on the 29th of October Defendant filed his motion to vacate the judgment and set aside the default, having given notice on the same day. The motion was denied, and a few days afterwards renewed. We do not think this shows very great dilligence, especially when we remember that the affidavits allege that the Defendant was the acting officer of the very Court in which this case was pending. The only excuse given for the negligence is that he depended upon the words of other men in regard to making him safe. If such negligence can be excusable in one case it should be so in all. But if admitted as good, it would lead to great confusion, and parties would never know when their cases were really settled. The

judgment and subsequent action of the Court below is affirmed.

LOWE, C. J., concurs.