RODNEY G. HART v. BENJAMIN E. HART.

*Justices' courts—Testimony as to title to lands.*

In an action of trover brought before a justice for the conversion of a quantity of hoops, it was *held* proper to show, under the plea of the general issue, that they were cut from lands belonging to a certain estate, and to put in evidence the government patent to the former owner and a power of attorney from his heirs, including plaintiff, empowering the defendant to sell and convey any of the property belonging to them. The introduction of such testimony would not be litigating a claim of title, and the evidence would be admissible for the purpose of identifying the property in suit.

Error to Lapeer. Submitted Apr. 11. Decided Apr. 19.

TROVER. Defendant brings error. Reversed.

*Geer & Williams* for appellant. Testimony as to the title of land is incompetent in a suit before a justice only when the title is in litigation: *Vandoozer v. Dayton* 45 Mich. 247; a defendant may show under the general issue that he is tenant in common with the plaintiff: *Rawson v. Morse* 4 Pick. 127.

*C. P. Thomas,* for appellee, cited as to the inadmissibility of evidence as to title: 2 Wait's Law and Practice, 245; *Randall v. Crandall* 6 Hill 342; *Striker v. Mott* 6 Wend. 465; *Brooks v. Delrymple* 1 Mich. 145.

MARSTON, J. This cause was commenced in justice's court; the action was trover for the conversion of a quantity of hoops and no reference to the lands upon which they were cut was made in the declaration. The defendant pleaded the general issue, a trial was had, judgment rendered in favor of the plaintiff and an appeal taken to the circuit. On the trial in the circuit the defendant claimed that these hoops were cut upon lands belonging to the estate of Alvin N. Hart, deceased, and he offered in evidence the patent from the United States to Hart of these lands, and a

power of attorney from the heirs of said Hart, deceased, of which plaintiff was one, to him, the defendant, to sell and convey all or any of the property real or personal belonging to the said heirs. These offers were objected to as being inadmissible under the pleadings, and rejected.

We are of opinion that the court erred in rejecting this evidence. There was really no controversy concerning the title to lands. A party may, for the purpose of identifying and proving his title to personal property, show that it was taken from off certain lands and that he was the owner thereof, but this does not bring the matter of title to lands in question. It would not follow in such a case that any controversy whatever would arise concerning the title to the land, or that as between the parties the jury would have to pass upon a question of conflicting titles. In this case the plaintiff had joined with his co-tenants in executing and delivering to the defendant a power of attorney authorizing the latter to sell the real and personal property belonging to or owned by them as heirs at law of Alvin N. Hart, and under this authority the defendant clearly had the right to show that the hoops in question came from off lands which the deceased had owned. For this purpose the pleadings were ample.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.