NELSON *v.* KILBRIDE.

ASSUMPSIT—SALE OF TIMBER BY TRESPASSER—RECOVERY OF PRO-
CEEDS—SUFFICIENCY OF DECLARATION.

One whose timber has been removed and sold by a trespasser
may recover the proceeds in an action of *assumpsit*, as money
received for his use, and the declaration need not aver the
tort. *Watson* v. *Stever*, 25 Mich. 386, distinguished.

Error to Leelanau; Corbett, J. Submitted June 15,
1897. Decided July 13, 1897.

*Assumpsit* by Albert Nelson against James Kilbride
for money had and received. From a judgment for de-
fendant on verdict directed by the court, plaintiff brings
error. Reversed.

*Tweddle & Cross*, for appellant.

*Pratt & Davis*, for appellee.

HOOKER, J. The single question raised upon this
record is whether an action could be maintained upon a
count for money had and received, when the defendant
had sold and received money for timber which he cut and
removed from the plaintiff's premises under circumstances
amounting to a trespass. It is not denied that a recovery
may be had in such a case in *assumpsit*, under 2 How.
Stat. § 8024, but it is insisted that the declaration must
be special, alleging the trespass, and the waiver thereof.
Incidentally it is said that title to land was in question, or
rather the question of boundary; but this is not discussed
by the defendant, and the case of *Hart* v. *Hart*, 48 Mich.
175, seems in point. If it can be said that the question
of boundary amounted to a question of title, it was not
pleaded, nor was the justice asked to certify the case upon
the claim that the testimony showed it to be involved.

See Tiff. Just. Guide (4th Ed.), 654. There is nothing in the record to show that title or boundary was in dispute before the justice, and the case was taken by appeal to the circuit. The objection was to any proof under the declaration, because it did not allege the trespass and the waiver.

Counsel for the plaintiff rely upon a count for money had and received, and a right to recover, based on the receipt of money by the defendant upon the sale of the timber unlawfully cut. Error is alleged upon the refusal to allow a recovery of such sum, the court having refused to admit any evidence under the declaration, holding that, although a recovery might be had in *assumpsit*, it was necessary to allege the trespass and conversion. In *Watson* v. *Stever*, 25 Mich. 386, *assumpsit* was brought to recover the value of logs which Watson had taken possession of, claiming to have bought them of third persons. The circuit judge permitted a recovery, and this court said that "there are not wanting decisions which support the ruling," and a number of cases are cited in a note to that case where recovery in *assumpsit* was permitted, *although the defendant had not sold the property*. But it was held in the case cited that *assumpsit* would not lie, as the defendant "*was not shown to have sold any of the logs.*" The court said, however:

"If one has taken possession of property, and sold or disposed of it, and received money or money's worth therefor, the owner is not compellable to treat him as a wrong-doer, but may affirm the sale as made on his behalf, and demand in this form of action the benefit of the transaction. But we cannot safely say the law will go very much further than this in implying a promise, where the circumstances repel all implication of a promise in fact. Damages for a trespass are not, in general, recoverable in *assumpsit;* and, in the case of the taking of personal property, it is generally held essential that a sale by the defendant should be shown."

The statement of the rule is supported by the citation of many authorities. The distinction which apparently is sought to be drawn is that, where there is the conversion

of property which the defendant had in his possession by virtue of contract relations between himself and the plaintiff, *assumpsit* will lie, and recovery may be had upon the common counts; but that, where the taking is in the first instance tortious, such is not the case, and the tort must be alleged. If it be conceded that under our decisions such allegations are necessary where there has been no sale, we think that cases of conversion by sale may be distinguished, although possession was acquired through trespass. In this case, for instance, there are two technical wrongs: *First*, in committing the trespass and removing the timber; *second*, the sale of timber, which, by the act of severing, though wrongful, became personalty. Until severed, it was not subject to conversion, and wherever it might be moved to the conversion might be charged. See *Greeley* v. *Stilson*, 27 Mich. 153. It did not become the property of the defendant by reason of his unlawful cutting, and if the plaintiff chose to forego the right to sue for the injury to the land, and to bring an action for the value of the personal property converted, we see no reason why such action might not be the same as though the wrongful conversion had not accompanied, or grown out of another wrong; *e. g.*, a trespass. The case of *Watson* v. *Stever*, *supra*, while recognizing the fact that damages for the trespass may not be recovered in *assumpsit*, clearly indicates that money received for personal property taken unlawfully and sold may be recovered upon the theory that the law implies a promise to pay to the owner the money received for his property. The difficulty with the defendant's contention is that he insists on assuming that this is an action brought to recover damages for a trespass, which it is not, but is an action brought to recover money which the law regards as received for the use and benefit of the plaintiff, because it is the purchase price of his property.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.