## PLEFKA *v.* DETROIT UNITED RAILWAY.

1. ASSUMPSIT—WAIVER OF TORT—ACTION AGAINST CARRIER.
   Where a married woman is injured while a passenger on a street railway, her husband's action against the railway to recover money paid out for medical attendance is in tort, and he has no right to waive the tort and sue in assumpsit.

2. JUSTICES OF THE PEACE—CERTIORARI—REVIEW—MERITS.
   Section 948, 1 Comp. Laws, authorizing the court on certiorari to a justice of the peace to render judgment in accordance with the right of the matter, disregarding technical errors, does not authorize affirming a judgment for plaintiff in assumpsit where the form of action should have been case.

Error to Wayne; Mandell, J. Submitted January 24, 1907. (Docket No. 12.) Decided March 26, 1907.

Assumpsit by John Plefka against the Detroit United Railway for money had and received. There was judgment for plaintiff, and defendant brings error. Reversed.

*Corliss, Leete & Joslyn*, for appellant.

*William Van Dyke*, for appellee.

MONTGOMERY, J. The plaintiff brought this action in justice's court in assumpsit, and declared on the common counts. On the trial he offered evidence to show that his wife, Celia Plefka, sustained an injury while riding upon a car of defendant through defendant's negligence, and that this negligent act of defendant had made it necessary for plaintiff to expend $43 for medical attendance. Defendant contended that there could be no recovery under the pleadings. The contention was overruled, and judgment was entered for the plaintiff. Thereupon defendant sued out a writ of certiorari to the circuit court, where the judgment was affirmed. Error is brought to review this ruling of the circuit judge.

147 MICH.—41.

It is said that in some cases a passenger who while being transported in pursuance to a contract receives injuries through the negligent fault of the carrier may bring assumpsit or case at his election. 3 Hutchinson on Carriers, § 1403. In the present case, the action is not brought by the passenger, nor any one in direct contract relations with defendant. The damages which the plaintiff seeks to recover are consequential, and arise out of the duty which he owes to care for his injured wife. There was no contract between the plaintiff and defendant. Can the plaintiff, being entitled to maintain an action on the case to recover these damages, waive the tort and sue in assumpsit? At the common law a party suffering injury through the tortious wrong of another could waive the tort and sue in assumpsit only in case the tort arose out of contract relations between the parties or the tort consisted of a conversion of plaintiff's property into money or money's worth. *Watson* v. *Stever*, 25 Mich. 386; *Tuttle* v. *Campbell*, 74 Mich. 652; *Williams* v. *Rogers*, 110 Mich. 418. This rule has been modified by statute, and the right to waive the tort and to maintain assumpsit extended to cases of trespass on lands or injury to lands direct or consequential (3 Comp. Laws, § 11207) and to cases of fraudulent representations or conduct of any person producing an injury either to the person, property, or rights of another *for which an action on the case may by law be brought.* 3 Comp. Laws, § 10421. It is obvious that neither of these statutes has application to the case under consideration. As to plaintiff's case the rule of the common law prevails, and there exists no right to waive the tort and sue in assumpsit.

It is contended that the judgment of the justice should be affirmed on the ground that substantial justice was done, and that under the statute (1 Comp. Laws, § 948) the court on error is authorized to render judgment in accordance with the right of the matter. We have in many cases held that technical errors which do not affect the rights of the parties may and should be ignored on

certiorari.   The writ has been used however to correct errors of law resulting in a judgment not authorized by the pleadings and evidence.   *Bullock* v. *Ueberroth,* 121 Mich. 293.   This is such a case.

Judgment reversed, with costs of both courts.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.