## U. S. CITIES CORPORATION v. SAUTBINE.

No. 16457. Opinion Filed June 21, 1927.

Rehearing Denied Sept. 20, 1927.

(Syllabus.)

**1. Conversion—Definition of "Conversion."**

Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein.

**2. Same—Conversion by Corporation Refusing to Convert Stock Into Another Class of Stock.**

Where a corporation issues a certificate of its stock which, under its provisions, is transferable only upon the books of the company, and which provides that after a certain date it may be transferred for another class of stock, and where the corporation, by its officers, refuses to make such transfer after that time, at the request of the owner, such refusal constitutes a conversion thereof.

**3. Conversion—Measure of Damages.**

The measure of damages for the wrongful conversion of personal property is fixed by section 5999, C. O. S. 1921, as the value of the property at the time of the conversion with interest from that time, or, where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Willis G. Sautbine against U. S. Cities Corporation to recover damages for conversion. Judgment for plaintiff, and defendant brings error. Affirmed.

George S. Ramsey, Rainey & Flynn, Edgar A. de Meules, and Villard Martin, for plaintiff in error.

Reuben M. Roddie, J. B. Dudley, and Shirk, Danner & Mills, for defendant in error.

MASON, V. C. J. This action was instituted by the defendant in error, as plaintiff, against the plaintiff in error, as defendant. The parties will be referred to as plaintiff and defendant, as they appeared in the trial court. This was an action for damages for the unlawful conversion by the defendant corporation of 2,030 shares of its class "A" stock.

The amended petition filed by the plaintiff contains eleven separate causes of action, which allege, in substance, that the defendant was a corporation organized under the laws of Delaware and licensed to do business in the state of Oklahoma, and that it was engaged generally in the production and sale of oil and oil products, and that as a joint stock corporation, it issued to its stockholders common stock, preferred stock and class "A" stock certificates, and in the plaintiff's first cause of action he alleges that he was the owner of preferred stock certificate No. 6224 for 100 shares of the par value of $10 per share, fully paid and nonassessable and transferable only upon the books of the corporation in person or by attorney. It is also alleged that the owner and holder of said stock could, at his option, have the same converted into class "A" fully paid profit-sharing stock on and after the 26th day of April, 1924. Said certificate is copied in the petition in full and bears upon its face the following:

"This certificate is convertible at owner's option for class 'A' fully paid profit-sharing stock on and after the 26th day of April, 1924, and is transferable after said date."

It is further alleged that the plaintiff, on the 28th day of April, 1924, presented the said stock certificate to the officers of the defendant company at its place of business to have the same canceled and class "A" stock issued to him in its stead, and that the officers of said company declined to make

such transfer and refused to permit the plaintiff to have the same converted at his option for class "A" fully paid profit-sharing stock; that at the time of said demand, class "A" stock was of the market value of $23.50 per share and that the refusal of said corporation to transfer said stock on its books and issue certificates for said class "A" stock constitutes a conversion of said stock to the damage of the plaintiff for the market value. The petition then contains a prayer for judgment in the sum of $2,350 on his first cause of action with interest at 6% per annum from the 28th day of April, 1924. Then follows the other ten amended causes of action in the same form, and he prays a total judgment for $47,705 upon his eleven causes of action.

The defendant filed its answer to the amended petition by way of general denial.

The cause proceeded to trial before the court and jury, and at the commencement of the trial the defendant objected to the introduction of any evidence on the grounds that the petition did not state facts sufficient to constitute a cause of action, which objection was overruled. At the close of the testimony on the part of the plaintiff, the defendant demurred to the evidence of the plaintiff and asked the court to direct the jury to return a verdict in favor of the defendant, which demurrer was overruled. At the close of all the evidence, the defendant moved for a directed verdict and made request for certain instructions to be given to the jury, which were refused. The defendant also objected to certain instructions given by the court.

The jury returned the following verdict:

"We. the jury, impaneled and sworn in the above entitled cause, do, upon our oaths, find for the plaintiff and fix the mount of his recovery at $17 per share and 6 per cent. interest from conversion and return stock to company."

Upon motion of the plaintiff, the court struck from the verdict of the jury the words "and 6% interest from conversion and return stock to company," and rendered judgment in favor of the plaintiff for $17 per share, or a total of $34,510, and sustained the attachment which had been levied, from which the defendant has perfected this appeal.

The only question presented by this appeal is whether this is an action for conversion or action for a breach of contract. The plaintiff in error contends that it is an action for breach of contract and that the

proper measure of damages is fixed by section 5976, C. O. S. 1921, which reads:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin."

The defendant in error contends that the trial court properly instructed the jury on the measure of damages under the provisions of section 5999, C. O. S. 1921, which provides:

"The detriment caused by the wrongful conversion of personal property is presumed to be: First. The value of the property at the time of the conversion with the interest from that time; or, Second. Where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party."

The record discloses that the defendant refused to issue and deliver the plaintiff his class "A" stock certificates for the reason that it might affect the selling price of said stock, which was being sold at that time on the curb market in New York at $19 to $23.50 per share.

A certificate of stock in a corporation is not the stock itself, but rather the evidence of the holder's ownership of the stock and of his rights as a stockholder to the extent therein specified. "They are," as said by Clark and Marshall on Private Corporations, section 378 (a), "muniments of title, but not the title itself; much less the real property."

The defendant contends that, inasmuch as the preferred stock, which had been issued to the plaintiff, provided that it might be converted at the owner's option for class "A" stock, failure of the corporation to issue and deliver said class "A" stock certificates constituted a breach of said contract. Plaintiff's action, however, was not founded on contract, but was brought for the conversion of said stock and not necessarily the certificates which were evidence of the ownership of such stock. Because of the fact that shares of stock are intangible personal property, the early cases seem to have held that trover did not lie for the conversion of the stock, although it might lie for the conversion of the certificate. Those decisions dealt with so many judicial niceties that it found

no favor either with the courts generally or with the text-writers, and it is now almost universally held that the action will lie for the conversion of the stock itself, as well as for a conversion of the certificate which evidences it. McAllister v. Kuhn, 96 U. S. 87, 24 L. Ed. 615; Anderson v. Nicholas, 28 N. Y. 600; Jarvis v. Rogers. 15 Mass. 389; Ayres v. French, 4 Conn. 142; Sturges v. Keith, 57 Ill. 451, 11 Amer. Rep. 28; Daggett v. Davis, 53 Mich. 35, 51 Am. Rep. 91, 18 N. W. 548; Carpenter v. American B. & L. Association, 54 Minn. 403, 56 N. W. 95.

In Ardmore State Bank v. Mason, 30 Okla. 568, 120 Pac. 1080, this court held:

"A purchaser of bank stock may compel, by bill in equity, the transfer of the same on the books of the corporation, or he may sue in conversion and damages for failure to so transfer."

In Black Eagle Mining Company v. Conroy, 94 Okla. 199, 221 Pac. 425, this court held that shares of stock are personal property.

In Aylesbury Mercantile Company v. Fitch, 22 Okla. 475, 99 Pac. 1089, conversion is defined as follows:

"Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein."

And this is as true of shares of stock as it is of any other property. 2 Clark and Marshall on Private Corporations, section 379b, and cases therein cited. A conversion of such stock may be by a third party or by the corporation itself. When under its own by-laws or under a statute it is necessary that the transfer of the stock be made on its books and the corporation wrongfully refuses to make the transfer, such refusal is a conversion of the stock. Bond v. Mount Hope Iron Company, 99 Mass. 505, 97 Am. Dec. 49; Joslyn v. St. Paul Distilling Co. (Minn.) 46 N. W. 337; Craig v. Hesperia Land & Water Co. (Cal.) 45 Pac. 10, 35 L. R. A. 306; Thompson on Corporations (2nd Ed.) p. 903, section 4420: 7 R. C. L. p. 269, section 248; Ardmore National Bank v. Mason, supra; Flowerdale Greenhouses, Inc., v. McJunkins, 106 Okla. 198, 233 Pac. 758.

In 5 Fletcher Cyc. Corporations, p. 5664, it is said:

"Shares of stock in a corporation may be converted by the corporation itself. So a corporation may be guilty of a conversion of stock if it wrongfully refuses to issue a certificate therefor to a stockholder. * * *"

The rule, as stated in Thompson on Corporations (2nd Ed.) vol. 4, p. 906, sec. 4424, is as follows:

"The same rule applies where the corporation or its officers wrongfully refuse to issue a certificate. The person entitled to such certificates may have his action at law against the corporation for damages, as such failure or refusal to issue the certificate is held to be conversion of the stock, the same as a refusal to transfer."

In 26 R. C. L. 1105, par. 13, it is said:

"It has been repeatedly held that an action of trover will lie for the conversion of a certificate of stock in a corporation, or, as it is often expressed, of shares of stock in a corporation. For example, when it is necessary that the transfer of the stock be made on the books of the corporation, and the corporation wrongfully refuses to make the transfer, such refusal is a conversion of the stock."

It appears clearly from the allegations of the case at bar, as well as by the evidence and the provisions of the stock certificates themselves, that the certificates of the preferred stock held by the plaintiff were nontransferable, except upon the books of the corporation, and that the corporation, through its officers, refused to recognize the option of the plaintiff and transfer said class "A" stock to the plaintiff or to deliver the certificates, which represented said stock, to the plaintiff, although they had been duly issued and were being held in the offices of the corporation. This, in our opinion, constituted a conversion of said class "A" stock by the corporation.

Some contention is also made that the allegations in plaintiff's petition and the evidence in support thereof are not sufficient to constitute conversion, for the reason that said class "A" stock had never been in the possession of plaintiff. In other words, it is insisted that the plaintiff cannot maintain an action for conversion of personal property which he has never had in his possession. This is true, however, where the corporation refuses to transfer stock to the purchaser where it is transferable only upon the books of the company. Conceding that this is the general rule. it certainly is not applicable to shares of stock.

Plaintiff in error also complains of the giving of certain instructions by the trial court and its refusal to give other instructions requested by the defendant.

We have examined all the instructions, and find that those given by the trial court were based upon the conclusion that this was an action in conversion, and therefore were proper. The instructions requested by

the defendant were based upon its conclusion that this was an action on contract, and therefore were properly refused by the trial court.

No contention is made that this action had not been prosecuted with reasonable diligence, and the record affirmatively shows that the plaintiff exercised his option to have the measure of damages fixed as the highest market value of said stock at any time between the conversion and the verdict, without interest, as provided by the last portion of section 5999, C. O. S. 1921.

Some contention is also made by the plaintiff in error that the jury disregarded the evidence in fixing the value of the class "A" stock. The evidence does disclose that this stock had market value at from $19 to $23.50, and the verdict of the jury permitted the plaintiff to recover only $17 per share, but inasmuch as this was not prejudicial to its rights, the plaintiff in error will not be heard to complain.

From an examination of the entire record, we are of the opinion that the case was fairly and properly tried, and the judgment of the trial court is, therefore, affirmed.

HARRISON, LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 38 Cyc. p 2005; 6 R. C. L. p. 1065; 5 R. C. L. Supp. p 388. (2) 14 C. J. p. 485 §720; p. 765. §1165; anno. 27 L. R. A. (N. S) 200. 7 R. C. L. p. 269 2 R. C. L. Supp. p. 333. (3) 38 Cyc. pp. 2090. 2092. 2094, 2096; 7 R. C. L. p 270; 2. R. C. L. Supp. p. 334.