## Charles L. Hussey v. Oliver P. Hamilton.

### Error from Saline County.

1. Mandamus:—A mandamus will not lie to compel a private individual to do an act not resulting from an office, trust, or station, and not especially enjoined upon such individual by law.

2. Id: Private Person:—The respondent in this case not being charged as holding any public office, or being by law in a position from which any special duty resulted, arising from any office, trust, or station, held or claimed by him, a proceeding by mandamus was not an appropriate remedy against him. *Civ. Code, §§ 688, 689.*

3. Id: Public Office.—Mandamus is not the proper proceeding to try and determine the right of either party to a permanent enjoyment of an office.[*]

The affidavit sets forth substantially: That at the general election held November, 1868, Hamilton received a majority of the votes cast for probate judge for the county of Saline; that the vote then cast was afterwards, at the proper time, duly canvassed and Hamilton declared duly elected probate judge for two years from January, 1869; a certificate of his election was properly issued to him by the county clerk; Hamilton then gave a bond as required by law, which bond was approved by the proper officer; Hamilton thereupon took the oath of office prescribed by law and entered upon the discharge of its duties. Hussey was Hamilton's immediate predecessor in office, and as soon as Hamilton gave bond and took the oath Hussey turned over to him the county seal

---

[*] Quo Warranto.—Quo Warranto is the proper remedy for such purpose.

and a part, if not the whole of the books, records, papers and furniture belonging to the office; Hamilton took possession of the office February 3d, 1869, and continued to discharge the duties of the same, and in possession of the books, papers and seal thereof until February 12th, 1869. On that day Hussey clandestinely entered the office of Hamilton and surreptitiously removed a part or the whole of the books, records, papers and furniture pertaining to said office, and also the seal thereof to his own house or to some other place. The pretense therefor was, that Hamilton's bond was not legal. On the 20th of February, 1869, Hamilton demanded the seal, books, records, papers and furniture belonging to said office, of Hussey, who refused to deliver them up. Thereupon this proceeding was instituted to recover the possession of said records, etc. Upon the filing of the affidavit and motion by Hamilton, Hussey came in, and by his counsel waived the usual preliminary proceeding to obtain the peremptory writ and made motions to dismiss the proceeding, which motions were overruled by the court. Hussey then filed an answer denying generally the matters set forth in the petition or affidavit and setting forth other grounds of defense. In order to expedite matters, it was then admitted by Hussey, that all the matter set forth in the affidavit and petition were true, except as to the sufficiency of the bond, and Hamilton admitted that the bond was not signed by him until more than thirty days after the second Monday in January, 1869.

Upon this state of facts the matter was argued and submitted to the court, and a peremptory writ of mandamus was allowed and duly issued, and Hamilton placed in possession of the seal, records and other property pertaining to his office. From that decision Hussey brings this petition in error.

*Clough & Wheat,* for plaintiff in error.

*,Martin, Burns & Case,* for defendant in error.

*Clough & Wheat, for plaintiff,* submitted:

1. Replevin was the proper remedy. *Gen. Stat.,* 661; 11 *Pick.,* 492; 21 *id.,* 148.

2. Mandamus was not the proper remedy. Abundant remedy was given in the ordinary course of law. *Quo warranto* was a remedy. [*Gen. Stat.,* 759.] Indictment and prosecution for larceny was a remedy, and with the aid of a search warrant might have been effectual. *Gen. Stat.,* 333, 868.

3. The relief asked did not result from an office, trust, or station. Hussey was not an officer—held no station, perhaps, save that of a felon.

*Martin, Burns & Case, for defendant,* submitted:

1. The writ of mandamus may be issued by the Supreme Court, or the district court to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station. [*Civil Code,* § 688; *Gen. Stat.,* 766.] Hussey had been probate judge, and Hamilton was his successor, facts known to and recognized by Hussey.

2. Hussey could not question the validity of Hamilton's bond. His duty was to deliver up the papers, etc. He could not go behind the certificate. The law in relation to the subject of mandamus is now substantially the same as it was prior to the adoption of the code of '68, [*see Comp. L.,* 225, §§ 580, 581; *Gen. Stat.,* 766, §§ 688, 689,] and the same as administered in both England and the United States for a great many years. *See opinion in State ex rel. Nathaniel Price v. Thomas Carney,* 3 *Kas.,* 93;

*Cumings v. Head*, 25 *Ill.*, 325; *People v. Kilduff*, 15 *Ill.*, 492; *Proprietors of St. Luke's Church, etc., v. Ruggles*, 7 *Cush.*, 226.

3. Hamilton from the very nature of the case, did not have a plain and adequate remedy in the ordinary course of the law. His remedy was not by *quo warranto*, for that proceeding is exclusively for the purpose of trying a title or right to an office. [*See Gen. Stat.*, 759, § 653.] It is true that sections 656 and 657 provide that in such a proceeding, in addition to the ordinary judgment of ouster, the court may order the defendant to deliver to his successor in office, the books, records and other property pertaining to that office. This part of the judgment is not a necessary conclusion or result of the proceeding. The court may or may not in its discretion render that part of the judgment. If the court so prefer, it may still leave the party to his remedy by mandamus, to secure the possession of the books, records, etc., pertaining to the office, and it was never intended that the public interest should be jeopardized by submitting a question of this kind to the slow, tedious process of settlement by *quo warranto*.

4. There are two classes of cases, and two separate interests to be consulted in the determination of this question. The first class is that which alone affects the interests of individuals, such as officers of private corporations. The other class is that which affects the public interests.

While it may be reasonable to insist that *quo warranto* might be a proper remedy in a contest between individuals for the right of holding an office in a private corporation where their private interests were alone concerned, it would be wholly inapplicable to a case of public importance where the question of preserving the rights, se-

curing the peace, and quiet, and good order of a whole community was involved.

5.  But is replevin a remedy?  Keeping in view the fact that the possession of the property itself as public property, is the object of the proceeding, and under section 182, civil code, the defendant could give a bond and retain possession of the public property, and thus place them beyond the reach of his successor in office.  The public importance of the property in question as public records, is far beyond any consideration of money, containing the evidences of the titles to lands, the only proof of the rights and interests of orphans and heirs and the liability of guardians.  Replevin therefore is no remedy.

6.  But it is again suggested: "Avail yourself of a search warrant."  Section 298 of the criminal code [*Gen. Stat.*, 867,] we find what facts are necessary to be stated in an affidavit to procure such a warrant, and aside from the question of inadequacy and inapplicability, the facts in this case do not justify a search warrant.

7.  The mere fact that an action of some other kind would lie, does not supersede the remedy by mandamus. *Moses on Mand.*, 112; *Proprietors of St. Luke's Church, etc., v. Ruggles, et al.*; 7 *Cush.*, 226, *etc.*; *Cumings v. Head*, 25 *Ill.*, 325.

8.  We are not trying the title to the office.  Hussey was not a tribunal for determining the validity of the bond.  The validity of the bond is not involved in this proceeding.  The only thing necessary for Mr. Hussey to know was whether Hamilton had the certificate of election.  If he did so have it, it was Mr. Hussey's plain legal duty to surrender the books, records and other property of his office to Hamilton as his lawful successor. Hence mandamus was the proper remedy.

9.  But the giving of the bond is not a condition

precedent to Hamilton's right to the office.    *See State v. Finley*, 10 *Ohio R.*, 151.

10.    The bond is good against both, Hamilton and his sureties.    *See State v. Finley*, 10 *Ohio R.*, 51; *State v. Bowman, id.*, 444, 445.

*By the Court,* KINGMAN, C. J.

The court below granted a peremptory writ of mandamus, commanding the plaintiff in error to deliver up to the defendant in error the books, papers, records, seal and insignia of office pertaining to the office of probate judge of said county of Saline.    Of the several errors alleged, we shall notice but one, as that disposes of the whole case.    The case was tried on the affidavit and petition of the relator, to which the respondent answered as to an alternative writ, and this case was tried as though such writ had issued.    The petition, which was sworn to and formed the affidavit in the case, did not state facts that would authorize the award of the peremptory writ of mandamus.

If it be conceded that the relator, Hamilton, was duly elected and qualified, and his bond good and sufficient, and duly and properly approved, and his right to the office and its insignia perfect and complete, and his possession and enjoyment thereof, as absolutely right and perfect in law, as in any conceivable case; and the taking possession by Hussey, of the books, papers, seal, etc., belonging to the office, as wrongful as is alleged in the affidavit, still the writ ought to have been refused.

The affidavit nowhere alleges in terms, or by any fair or reasonable implication, that Hussey, the respondent, took possession of the books and other property of the office, under any pretense of a color of right to such

property or to the possession thereof, or to the office itself; or that he was in any way exercising the duties of the office or pretended that he had any right so to do. On the contrary the petition alleges that the property was forcibly and feloniously taken from the relator by the respondent, and detained by him. There is no allegation that he pretended any right to the office or exercised any functions pertaining to it. He had been probate judge, but had surrendered the same and delivered over the property to the relator ten days before he took the property into possession, as above mentioned. It may be he pretended to be probate judge, but it is not so alleged in the affidavit, or admitted in the answer, or shown by the evidence.

A writ of mandamus may only issue to an inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins as a duty, resulting from an office, trust, or station, [*Civil Code*, § 688,] and may not issue in such cases where there is a plain and adequate remedy at law. [§ 689.] The affidavit in this case does not profess to show that Hussey held, or pretended to hold, any office, trust or station, from which any duty resulted. He is nowhere represented as any other than a private person, with no more special duty than pertains to any and every inhabitant. For this insufficiency of the affidavit the writ ought to have been refused. By the affidavit, it appears that the relator had as plain and adequate a remedy as any other officer or citizen has when his property, or that of which he has the custody, is stolen from him. We are referred to the cases of " the People, *ex rel. v.* Brewster," [15 *Ills.*, 500,] and that of the People, *ex rel.* Cummings v. Head, [25 *Ills.*, 325.] These cases go a long way in granting relief by way of mandamus, but differ from the case

,under consideration upon the very points on which this case is decided. In the first of these cases, the respondent expressly admits that he is in possession of the office, discharging its duties, and claims to do so by legal right. The court decided that he was not the mayor, and that the relator was; and was entitled to the insignia of office. There the pleadings admitted him in the exercise of an official position, from which, if he was wrongfully in such position, resulted the special duty of delivering to his successor the seal, books and papers of the office. The respondent was occupying a station from which a special duty sprang, and which the court enforced by this writ; so in the second case referred to above, the same condition of the parties is found, and the same result is reached; while in this case neither the affidavit or answer represent the respondent as acting or pretending to act in any such capacity as created any special duty, or from which any special duty resulted. For the same reason the case in 7 Cushing, 226, though instructive and logical, and in many respects a satisfactory exposition of the law of mandamus as applied to the facts of that case, has no bearing upon this case. Did the pleadings or evidence anywhere show that the respondent was acting as probate judge, or that he was pretending to hold the records, books and papers, etc., by any color or pretense of right as such officer, then the cases referred to would be applicable, and entitled to careful consideration. But instead of stating that he held any office, or pretended to have any rights as such, he is represented as a common fellow, appropriating the office property to his own use by theft.

It is apparent from reading the judgment of the court below, that the court must have acted on facts publicly known, and which may have been the grounds of contest in that court, and its attention not drawn to the

lack of essential averments in the affidavit. We do not, enter upon the consideration of the legality of the bond of the relator as probate judge, because it is not necessary to decide this case; and because it is not a proper subject of inquiry upon mandamus. The title to the office cannot be tried under such proceedings. An action in the nature of *quo warranto* is the proper and appropriate method by which the right to the office should be tried, and not mandamus.

The judgment of the district court is reversed, with directions to refuse the writ of mandamus.

All the justices concurring.