MAGNUS HALLGREN v. WILLIAM CAMPBELL.

*Municipal corporations—Removal of officer—Title to office.*

82 255
89 169

82 255
93 307

82 255
97 210

82 255
117 5

1. Title to office cannot be tried in an action of replevin for property belonging to the office.

So *held*, where · tools .and books belonging to the office of street commissioner of a city were replevied upon the claim by the plaintiff that the appointment of the defendant to that office was illegal.

2. Wherever cause must be assigned for the removal of an officer, he is entitled to notice, and a chance to defend.[1]

3. The fact that a city charter expressly forbids the removal of *elective* officers except for cause does not raise a presumption that the Legislature intended that *appointed* officers might be removed *without* cause.

4. The Legislature may by express words confer upon the common council of a city the power to remove an appointed officer without cause; but, in the absence of such power so given, the presumption must be that the Legislature intended that every

———————

[1] See *Metevier v. Therrien*, 80 Mich. 187.

officer appointed for a fixed period should be entitled to hold his office during such term, unless removed therefrom for cause after a fair trial.

So *held*, where a city charter provided for the removal of appointed officers by a majority vote of the aldermen elect, and of elective officers by a concurring vote of two-thirds of such aldermen, and that, as to the latter officers, charges should be preferred, and an opportunity given to make a defense thereto; and the common council assumed to remove a street commissioner who had been appointed for one year, without notice to such officer, and made an appointment to fill the vacancy claimed to have been thus created.

5. In such a case the refusal of such street commissioner to deliver up the property, books, and papers of the office indicates his claim to still hold such office, and if he has never yielded up the same, but has held on and continued to act, the appointee of the council cannot be regarded as an officer *de facto;* citing *Mead v. Treasurer,* 36 Mich. 419.

Error to Menominee.    (Grant, J.)    Argued July 1, 1890.    Decided August 1, 1890.

Replevin.    Plaintiff brings error.    Affirmed.    The facts are stated in the opinion.

*Phillips & Thompson,* for appellant, contended:

1. The most important error of the court below was in treating the case throughout as a test of the rights of the parties to the office of street commissioner. The title to an office cannot be tried in an action of replevin for property belonging to the office; citing *Board v. Benoit,* 20 Mich. 176; *Hadley v. Mayor,* 33 N. Y. 603; and as the whole theory of the charge of the court was that this was the only question in the case, a new trial should be granted.

2. The street commissioner is the proper custodian of the city property pertaining to his office; citing Act No. 228, Local Acts of 1883, chap. 5, § 18; and he is therefore bailee of the property, and may maintain replevin for its possession; citing Wells, Repl. § 100; How. Stat. §§ 6856–6860, 8342; *Desmond v. McCarthy,* 17 Iowa, 525; *Phenix v. Clark,* 2 Mich. 327; *Board v. Benoit,* 20 Id. 176.

3. The record of the common council does not comply with the requirements of the charter, and the appointment, or election as it is called, is therefore void; citing *Steckert v. East Saginaw,*

22 Mich. 104. Defendant was therefore merely an employé, and could be discharged at any time by the council. The fact that he was recognized by the council as street commissioner is only evidence that he was acting commissioner, and not that he was holding the office legally; and when the council made a legal appointment, such act terminated defendant's right to act further.

4. The charter gives the council full power to remove the street commissioner summarily; citing Act No. 228, Local Acts of 1883, chap. 8, § 17; *Stadler v. City of Detroit*, 13 Mich. 346.

*B. J. Brown*, for defendant.

CAHILL, J. The plaintiff brought an action of replevin in his individual name against the defendant to recover possession of the following personal property, to wit:

"Two iron road-scrapers, one wooden road-scraper, one wooden beam-plow, one wooden tool-box and its contents, consisting of a quantity of shovels and picks, also all notice-books containing blank notices used by the street commissioner of Menominee city,"—

Which he claims belongs to the office of street commissioner of the city of Menominee.

The defendant defends upon the ground that he is himself street commissioner of the city of Menominee, and is therefore entitled to the possession of the property. The defendant claims that on May 6, 1889, he was duly appointed to the office of street commissioner for one year; that he qualified and entered upon the discharge of his duties as such officer, and so continued down to the commencement of this suit. The plaintiff claims—

1. That the defendant was never legally appointed to the office.

2. That, if he was appointed, he was removed by the common council on the 5th day of August, 1889.

The point made against the legality of the defendant's appointment to the office is that the charter of the city of Menominee provides that—

"The council shall prescribe the rules of its own proceedings, and keep a record or journal thereof. All votes shall be taken by yeas and nays, and be so entered upon the journal as to show the names of those voting in the affirmative, and those in the negative; and within one week after any meeting of the council all the proceedings and votes taken thereat shall be published in one of the newspapers of the city." Chapter 8, § 8.

The record of the defendant's appointment is as follows:

"Alderman Spies nominated William Campbell street commissioner, seconded by Alderman Oehrling, and he was declared elected."

It is claimed that this record does not comply with the requirements of the charter, and that the appointment is therefore void, and we are cited to *Steckert v. East Saginaw*, 22 Mich. 104.

If we were required in this case to pass upon the title of the defendant to the office which he claims to hold, the case cited would be in point; but we agree with plaintiff's counsel that the title to this office cannot be tried in an action of replevin for property belonging to the office. It is sufficient for the defendant's claim that the common council, having authority to do so, undertook to elect him street commissioner; that he accepted their action, qualified for the office, and entered upon the discharge of his duties, and was recognized by the common council as *de facto* street commissioner. This position would entitle him to the custody of the property in controversy unless he had been legally removed from office by the common council, or had been in fact removed by the common council, and had acquiesced in such removal, and to the appointment of the plaintiff as his successor.

"A person actually obtaining office with the legal

*indicia* of title is a legal officer until ousted." *Board of Auditors v. Benoit,* 20 Mich. 180.

The first action of the common council for the removal of the defendant was taken at a special meeting called for July 22, 1889, at which the following resolutions were presented and read:

'WHEREAS, Wm. Campbell, the street commissioner of the city of Menominee, has graded and graveled a road on the town line, and running from the State road west to the gravel-pit, without being ordered by the common council, or without their knowledge, thereby expending a large sum of money without authority, and thereby subjecting the city to needless and uncalled-for expense; and—

"WHEREAS, The said Wm. Campbell as street commissioner, as aforesaid, has neglected and refused, and still does neglect and refuse, to obey the orders of the city council in this, to wit, refusing to gravel Ogden avenue as directed by vote of this council passed at a regular meeting held July 15, 1889:

"Now, be it *resolved,* That said Wm. Campbell be and hereby is removed from office of street commissioner of said city, and the office of street commissioner is hereby declared vacant."

Upon a motion being made to adopt this resolution, the mayor stated that he did not think it could be acted upon at this meeting, under the call that had been made, and, the matter being referred to the city attorney, he decided that the mayor was right. No action was therefore taken on the resolution at that meeting. At the next regular meeting, held August 5, 1889, the resolutions above quoted were adopted by yeas, seven; nays, two. Immediately following this action a resolution was adopted appointing Magnus Hallgren, the plaintiff, street commissioner by a similar vote. No notice was given to the defendant of these charges against him, or of the proposed action to remove him from office.

The following provisions of the charter (Local Acts of

1883, pp. 161, 162, 176) bear upon the question of the right of the common council to remove the defendant from office:

" The following officers shall be appointed by the council, viz., a city attorney, city surveyor, city marshal, city clerk, street commissioner, and engineer of the fire department. The council may also, from time to time, provide by ordinance for the appointment of, and appoint for such term as may be provided in the ordinance, such other officers, whose election or appointment is not herein specially provided for, as the council may [shall] deem necessary for the execution of the powers granted by this act, *and may remove the same at pleasure."* Section 3, chapter 5.

" The mayor, city marshal, city clerk, city treasurer, street commissioner, supervisors, and constables shall hold their office for the term of one year from the first Monday in April of the year when elected, and until their successors are qualified and enter upon the duties of their offices." Section 5, chapter 5.

" Any person appointed to office by the council, by authority of this act, may be removed therefrom by a vote of the majority of the aldermen elect, and the council may expel any alderman, or remove from office any person elected thereto, by a concurring vote of two-thirds of all the aldermen elect. In case of elective officers, provision shall be made by ordinance for preferring charges, and trying the same, and no removal of an elective officer shall be made unless a charge in writing is preferred, and an opportunity given to make a defense thereto." Section 17, chapter 8.

It is claimed by the plaintiff that under this last provision of the charter the common council had a right to remove the defendant from the office of street commissioner without notice to him. In *Mead v. Treasurer,* 36 Mich. 416, this Court said:

" Our State system favors appointments for fixed periods, and almost entirely rejects the policy of removals at will."

We shall need to find in the charter of Menominee clear and unequivocal power vested in the council to remove this officer without notice before we can concede

that any such power exists. In 1 Dill. Mun. Corp. § 250 (188), it is said:

"Where an officer is appointed during pleasure, or where the power of removal is discretionary, the power to remove may be exercised without notice or hearing."

In Mechem, Pub. Off. § 454, it is said:

"In those cases in which the office is held at the pleasure of the appointing power, and where the power of removal is exercisable at its mere discretion, it is well settled that the officer may be removed without notice or hearing."

In support of this position both of these learned writers cite the case of *Ex parte Hennen*, 13 Pet. 230, and upon this case most of the later cases have been based. That was the case of a clerk of the district court of the United States for the eastern district of Louisiana. He had been removed from office by the district judge without other cause than the desire of the judge to supplant him with a personal friend. The Court held that as the law vested in the judge the appointment of a clerk, and as such appointment was not for any fixed term, the power of appointment necessarily carried with it the power of removal. The main ground of the decision was that it could not be admitted that it was the intention of the constitution that such an office should be held during life. We have not found any case where an officer who was appointed for a fixed term (and when the power of removal was not expressly declared by law to be discretionary) has been held to be removable except for cause, and wherever cause must be assigned for the removal of the officer he is entitled to notice, and a chance to defend. *Field v. Com.*, 32 Penn. St. 478; *State v. City of St. Louis*, 90 Mo. 19 (1 S. W. Rep. 757).

It is claimed on behalf of the plaintiff that, because section 17 of chapter 8 of the charter provides expressly

that elective officers shall not be removed except for cause, it is to be presumed that the Legislature intends that appointed officers might be removed without cause. We are not disposed to allow any presumption to aid the exercise of such arbitrary power. In such a case the Legislature may by express words confer upon the common council of a city the power to remove an officer, without cause; but, in the absence of such power given in express words, the presumption must be that the Legislature intended that every officer appointed for a fixed period should be entitled to hold his office until the expiration of such period, unless removed therefrom for cause after a fair trial. This presumption is strengthened when we compare section 17 of chapter 8 with section 3 of chapter 5, before quoted. In the latter section certain officers are declared to be removable at pleasure, and, although the street commissioner is expressly named in that section, he is not included among those who may be so summarily removed.

But it is claimed by plaintiff that he has, since his appointment, been acting as street commissioner, and is therefore *de facto* such officer. There could not be two incumbents of this office. The defendant, by his refusal to deliver up the property, books, and papers of the office, has indicated that he claimed to hold the office. If he was once lawfully in office, a fact which we are not allowed to question on this record, and has never yielded, but has held on and continued to act, then the plaintiff has never gotten possession, and cannot be regarded as an officer *de facto*. *Mead v. Treasurer*, 36 Mich. 419.

The judgment of the court below was in accordance with these views, and is affirmed, with costs.

CHAMPLIN, C. J., MORSE and LONG, JJ., concurred. GRANT, J., did not sit.