## STATE *ex rel.* WELLS v. CLINE.

No. 2333.   Opinion Filed June 27, 1911.

(116 Pac. 767.)

**MANDAMUS—When Lies—To Private Persons.** Mandamus will not lie to compel a private person to deliver the pleadings, papers, and files in a case pending in a certain court to one who claims to have been the *de jure* and *de facto* clerk of said court since its organization, although it be alleged that such person wrongfully obtained possession of said papers and files by pretending to act as the clerk of said court, under claim of the right to said office.

(Syllabus by the Court.)

Action by the State, on the relation of John E. Wells, for writ of mandamus against M. E. Cline. Writ denied.

*Hainer* & *Martin,* for plaintiff.

*Biddison* & *Campbell* and *Davidson* & *Williams,* for defendant.

HAYES, J.   Relator herein began this action originally in this court by filing his petition for an alternative writ of mandamus, by which he seeks to have respondent ordered and directed to turn over and deliver to him the papers and files in a certain case pending in the superior court of Tulsa county. An alternative writ was issued, to which a return has been made by respondent. In the return respondent first challenges the sufficiency of the facts alleged in the petition and writ to entitle relator, as a matter of law, to the relief sought.

It is alleged in the petition and writ that the county of Tulsa, according to the last federal census, has sufficient population and has a city of sufficient population to be entitled to a superior court,

under the act approved March 6, 1909, creating superior courts in counties of the state then having or thereafter having a specified population and a city of a specified population. Sess. Laws 1909, p. 181. It is alleged that no judge of said court or clerk thereof was elected or appointed prior to the 9th day of January, 1911, and that on said date both of said offices were vacant. Relator alleges that on the 9th day of January, 1911, the board of county commissioners of Tulsa county, in open session, made and adopted an order by which one J. R. League was appointed judge of the superior court of said county, and that the said appointee, on said date, took the oath of office and immediately entered upon the duties of same, and proceeded to the transaction of the business pertaining thereto. He further alleges that on the same day the board of county commissioners made an order by which they appointed relator clerk of said court, and that the said J. R. League, as judge of said court, likewise made a similar order appointing relator clerk of said court; that relator immediately took the oath of office and entered upon the occupation of said office and began to perform the duties thereof, and has ever since occupied same. He alleges that respondent is now and has been for some time, "under color and claim of office, pretending to act as the clerk of said superior court;" that there was, until the 12th day of January, 1911, a certain cause pending in the district court of Tulsa county; that on the 12th day of January, 1911, an order was made by which said cause was transferred to the superior court of the same county; and that thereafter, the exact date of which is not alleged in the petition, respondent, under color and claim of office, wrongfully obtained possession from the clerk of the district court of all the pleadings, papers, files, and transcript in said cause, without any right thereto, and has since continued to wrongfully detain the same, and refuses and neglects to deliver them to relator after demand therefor.

A fair construction of relator's petition seems to be that he contends that there had never been a clerk *de jure* or *de facto* of the superior court of Tulsa county until his appointment, qualification, and occupation of said office; that this is the theory of

his petition is made clear by contentions in the oral argument and brief of his counsel. At no place in the petition is it alleged that respondent was ever *de jure* or *de facto* clerk of said court; nor are any facts alleged from which such may be inferred. He alleges that, under claim and color of office, respondent pretended to act as clerk of said court; but relator does not allege that respondent did act as such; that he ever transacted the business of said office, or was recognized by the public as the occupant thereof; nor does he allege that in the capacity of such officer respondent obtained the papers of which relator now seeks possession. On the other hand, he alleges that he wrongfully obtained possession of said papers, acting under a color and claim of office, and he contends that ever since said court has had a clerk he has been such *de jure* and *de facto* clerk. Two persons cannot be officers *de facto* of the same office at the same time; nor can there be another *de facto* officer when the officer *de jure* is in possession of the office and performing its functions. *McCahon v. County of Leavenworth*, 8 Kan. 438; *Braidy v. Theritt*, 17 Kan. 468; *Hallgreen v. Campbell*, 82 Mich. 255, 46 N. W. 381, 9 L. R. A. 408, 21 Am. St. Rep. 557. Relator's contention, therefore, in effect is that respondent, a private citien, pretending under some claim to be the clerk of the court, wrongfully obtained possession of said papers while he (the relator), the *de jure* and *de facto* clerk thereof, was entitled to same.

The writ of mandamus lies to compel the proper performance of duties devolving upon an officer by law (*Matney v. King*, 20 Okla. 22, 93 Pac. 737); but it is an official duty, or a duty arising out of some office or trust, for the performance of which the writ may be awarded. The writ has often been invoked and granted to compel an officer to deliver over to his successor the papers, files, and paraphernalia of his office; but the right to the writ in such instances rests upon the fact that the respondent has been or is the occupant of an office from which some duty flows to the person seeking the relief. The writ will not run to a private individual to compel the performance of a private duty. *Eberle v. King*, 20 Okla. 49, 93 Pac. 748.

In *Hussey v. Hamilton,* 5 Kan. 462, Hussey, the relator, was the immediate predecessor in office of Hamilton as probate judge. When Hamilton took the office, Hussey turned over to him the books, records, and papers of the office; but thereafter clandestinely and surreptitiously removed from the office a part of said books, records, and papers and the seal thereof, and refused to return and deliver them up to Hamilton, the incumbent of the office. For possession of said papers and the property of the said office, Hamilton brought his proceeding in mandamus. The Supreme Court reversed the judgment of the trial court granting the writ. In the opinion of the court it was said that:

"The affidavit nowhere alleges in terms, or by any fair or reasonable implication, that Hussey, the respondent, took possession of the books and other property of the office under any pretense of a color of right to such property, or to the possession thereof, or to the office itself, or that he was in any way exercising the duties of the office, or pretended that he had any right so to do."

Counsel for relator in the instant case contends, because of this language in the opinon, that it is a case in point, and supports relator's right to the writ, because in his petition he has alleged that respondent, under claim and color of office, was pretending to act as clerk of said superior court when he wrongfully obtained possession of said papers. In our opinion, the Kansas case does not announce the rule for which relator contends; for that question was not involved, nor was it decided thereby, unless it be held to have been done by inference; and in that event it would be *obiter.* The exact point decided in that case, we think, is correctly stated in the second paragraph of the syllabus, which reads as follows:

"The respondent in this case not being charged as holding any public office, or being by law in a position from which any special duty resulted, arising from any office, trust, or station held or claimed by him, a proceeding by mandamus was not an appropriate remedy against him."

In the case at bar, it is not charged that respondent holds, or has ever held, the office of superior clerk of Tulsa county, either in right or as a matter of fact. By pretending to act as

such officer and claiming a right thereto, and thereby wrongfully obtaining possession of the papers in the controversy, he did not invest himself with any official authority or impose upon himself any official duty. He was guilty of wrongful conduct, if the facts alleged in the petition be true; but such wrongful conduct, though different in kind, would not be different in effect, for the purpose of investing him with official power and official duty, than if he had gone by force, or had surreptitiously and clandestinely obtained possession of said papers. In either case his acts would be those of a private citizen, and by continuing to withhold the papers from those lawfully entitled to them he would violate the right of such persons; but the remedy would not be a proceeding in mandamus to enforce such rights. *Eberle v. King, supra; State ex rel. v. Trent,* 58 Mo. 571.

It follows for these reasons that the alternative writ should be quashed and the peremptory writ denied.

All the Justices concur.