## FLOWERDALE GREENHOUSES, INC., v. McJUNKIN.

No. 15645.—Opinion Filed Jan. 27, 1925.

Rehearing Denied March 3, 1925.

### Mandamus—Corporations—Compelling Officers to Record Stock Transfer.

The syllabus of Flowerdale Greenhouses, Inc., v. E. J. McJunkin, 106 Okla. 198, 233 Pac. 758, is adopted as the syllabus in this case.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by Florence T. McJunkin against the Flowerdale Greenhouses, Inc. From judgment in favor of plaintiff, defendant brings error. Affirmed

C. H. Rosenstein and D. F. Gore, for plaintiff in error.

Charles Richardson and Davidson & Williams, for defendant in error.

Opinion by PINKHAM, C. This action was instituted in the district court of Tulsa county by the defendant in error as plaintiff, against the plaintiff in error, as defendant.

The action was one in mandamus to compel the transfer of certain shares of the capital stock of the Flowerdale Greenhouses, Inc., defendant in this action, to the plaintiff, and was commenced by the issuance of an alternative writ of mandamus.

The issues involved in this case are identical with the issues involved in the case of Flowerdale Greenhouses Inc., v. E. J. McJunkin, No. 15644, 106 Okla. 198, 233

Pac. 758, and by stipulation of the parties the briefs filed in that case are to be considered as the briefs of the respective parties in this case, No. 15645.

The only question of law presented in this case is whether the district court of Tulsa county erred in holding that mandamus is a proper remedy to compel a private corporation to transfer shares of its capital stock upon its books.

The case of Flowerdale Greenhouses, Inc., v. E. J. McJunkin, this day decided, is decisive of the proposition presented, in which case it is held in the first paragraph of the syllabus that section 446, Comp. Stat. 1921, which provides that a writ of mandamus may be issued to any inferior tribunal, board, or person, to compel the performance of any action, which the law specially enjoins as a duty resulting from an office, trust, or station, includes private. as well as public or quasi public, corporations.

We think that mandamus is a proper remedy under the circumstances of this case, which are identical with the case of Flowerdale Greenhouses. Inc.. v. E. J. McJunkin. supra, and that the judgment of the district court should be affirmed.

By the Court: It is so ordered.