## FLOWERDALE GREENHOUSES, INC., v. McJUNKIN.

No. 15644—Opinion Filed Jan. 27, 1925.

Rehearing Denied March 3, 1925.

**1. Mandamus—Writ Against Officer of Private Corporation.**

Section 446, Comp. Stat. 1921, which provides that a writ of mandamus may be issued to any inferior tribunal, corporation, board, or person to compel the performance of any act which the law specially enjoins as a duty resulting from an office, trust, or station, includes private as well as public or quasi public corporations.

**2. Corporations—Transfer of Stock on Books—Duty of Officers.**

When a bona fide owner of stock presents his certificate to the company and demands a registration of his shares, the corporation is legally bound to recognize his ownership, and to make due transfer of such stock, in his name, on its books.

**3. Same—Mandamus to Compel Entries.**

Where there has been a bona fide transfer of corporate stock, and where there are no questions to be litigated concerning the title, ownership of title, or right to transfer, and where it is the pure legal right that is withheld or denied the holder of such stock, mandamus will lie under the statutes of this state to compel an entry and record of such transfer in the stock and transfer book by the officers of such corporation.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by E. J. McJunkin against the Flowerdale Greenhouses, Inc. From judgment in favor of plaintiff, defendant brings error. Affirmed.

C. H. Rosenstein and D. F. Gore, for plaintiff in error.

Charles Richardson and Davidson & Williams, for defendant in error.

Opinion by PINKHAM, C. This action was instituted by the defendant in error, as plaintiff, against the plaintiff in error, as defendant.

The partes will be referred to as plaintiff and defendant as they appeared in the trial court.

The action was one in mandamus to compel the transfer of certain shares of the capital stock of the Flowerdale Greenhouses, Inc., defendant, and was commenced by the issuance of an alternative writ of mandamus.

Plaintiff, in his petition, upon which the alternative writ was issued, alleged, in substance, that the defendant is a corporation organized under the laws of Oklahoma with its principal place of business at Tulsa, Okla., having a capital stock of $50,000 divided into 500 shares of the par value of $100 per share; that certificate No. 1, for 251 shares was issued to B. A. Reisling, on July 7, 1922, and that thereafter, and on or about the 10th day of July, 1923, said stock was deposited with the National Bank of Commerce of Tulsa as collateral security for the payment of a promissory note in the principal sum of $9,000, due December 6, 1923; that default was made in the payment of said note and said 251 shares of the capital stock of said defendant company was sold at public sale and purchased by the plaintiff, he being the highest bidder therefor, and that by reason of said sale plaintiff became the owner of said 251 shares of the capital stock of the defendant company; that the plaintiff presented said certificate to the defendant for cancellation, and requested that the same be transferred on the books of the corporation and a new certificate issued to the plaintiff, which the defendant refused to do.

Said petition further alleged that a receiver had been appointed for the defendant by the district court of Tulsa county, and that F. C. Reisling managed and directed the affairs of the corporation, and that he, together with his wife and daughter, constituted the board of directors, and that said defendant company was wholly insolvent to respond in damages.

The defendant company filed its answer to the alternative writ of mandamus, which answer alleged, first, that "the facts set forth in said alternative writ, if true, are not sufficient to entitle the plaintiff to writ of mandamus or to any relief sought herein."

The cause came on for trial on the 15th day of July, 1924, before the court, upon a stipulation between the parties that the cause should be tried upon the paragraph of defendant's answer above quoted, and which appears to have been treated as a demurrer to the petition and alternative writ.

The court, upon the conclusion of the hearing upon the alternative writ of mandamus, rendered judgment in favor of the plaintiff and against the defendant, and directed that a peremptory writ of mandamus issue.

The defendant company's motion for a new trial was overruled, to which it excepted and duly perfected its appeal from the judgment and order of the trial court to this court.

The only question presented upon this appeal is whether mandamus is a proper remedy under the laws of this state to compel a private corporation, organized under the laws of this state, to transfer shares of its capital stock upon its books to a private individual.

The law of this state applicable to the question is that a writ of mandamus will issue to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station. Section 446, Comp. Stat. 1921. This writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law. Section 447, Comp. Stat. 1921.

As we understand the proposition of the defendant company it is that under section 446, supra, private corporations do not come within its purview except in cases where it is necessary to compel the performance by a private corporation of a duty which such corporation owes to the public; that notwithstanding the unquestioned right of the plaintiff as a bona fide owner of a majority of the stock in the corporation, and regardless of the fact that the plaintiff is entitled to have his stock transferred on the books of the corporation, the remedy by mandamus is not available to him, first, because the transfer of stock in a private corporation is not a matter of public concern and the writ of mandamus lies to compel the performance of a public duty; and second, because adequate remedies exist either at law or in equity for relief in such cases.

The exact question involved in this appeal has not been passed upon by this court in its previous decisions.

It is contended by the defendant company that this court has followed the reasoning by courts of other jurisdictions which hold, it is said, that the writ of mandamus is not a proper remedy in a case such as the one before us; and the cases of State ex rel. Wells v. Cline, 29 Okla. 157, 116 Pac. 767, and Eberle v. King, 20 Okla. 49, 93 Pac. 748, are cited in support of its contention.

In the Eberle Case, supra, mandamus was sought by one who held prima facie title to the office of register of deeds of Muskogee county to compel the judge of the district court to turn over to him the books, papers, and records belonging to the office of register of deeds, the unauthorized custody of which the respondent held, not as a court, but as an individual. This court said that the writ would not lie because the papers which he claimed were not held by the judge of the district court as such. It was a suit against one who held whatever papers he had in his possession merely as an individual, and not as judge of the district court.

In the Wells Case, supra, a suit was brought by John E. Wells for a writ of mandamus against M. E. Cline to compel Cline to turn over to him the papers and files in a certain case pending in the superior court of Tulsa county. This court held that Cline was a mere individual, and that he did not hold the papers by virtue of any public office, or by being by law in a position from which any special duty resulted arising from any office, trust, or station, held or claimed by him. It was not charged that respondent, Cline, held or ever held the office of superior clerk of Tulsa county, either in right or as a matter of fact; that by pretending to act as such officer and claiming a right thereto, and thereby wrongfully obtaining possession of the papers in controversy did not invest him with any official authority or impose upon him any official duty; that his acts were those of a private citizen.

Under such a state of facts the court held that the writ did not run to a private individual to compel the performance of a private duty.

These cases go only to the extent of announcing the well established rule that as a general proposition a writ of mandamus will not issue against individuals as such, but must be against some person or persons clothed with authority to do the act sought to be compelled.

We do not think it can be said, in view of the undisputed allegations of the petition and the alternative writ in this case, that the defendant corporation and its officers were private individuals within the meaning and intent of section 446, supra.

The defendant is a corporation organized and existing by virtue of the laws of this state. It is required to keep a record of all its business transactions. By express statute it must keep a book to be known as the "Stock and Transfer Book", in which it must keep a record of all stock, the names of the stockholders, a statement of every alienation, sale, or transfer of stock made, the date thereof, and by and to whom. This requirement of a corporation for profit to keep a record of its stock and the names of the owners thereof amounts to an obligation on its part, the performance of which the owners of its stock may require to be carried out.

In 18 R. C. L. 169, it is said:

"In order that mandamus may issue to enforce duties imposed on corporation it is not essential that the duty be one which is owing to the public generally. It is available in many cases to enforce duties owing to its members and in such a case the rule that it will not lie as a private remedy between individuals does not apply, as a corporation is not, in this sense, a private individual."

In State v. Cook, 119 Minn. 407, 138 N. W. 432, in construing a statute similar to section 446, supra, it is said:

"Private domestic corporations and their officers are within this rule by virtue of the visitorial powers of the state over them, but the writ does not lie to regulate the affairs of unincorporated societies or associations."

The owner of the shares of stock in a corporation by virtue of his ownership is entitled to have his stock transferred in a proper case upon the books of the company. Section 5350, Comp. Stat. 1921. And the duty devolves upon the corporation through its officers to make such transfers.

In Cook on Corporations (8th Ed.) vol. 2, p. 1390, it is said:

"The authorities are in irreconcilable conflict on the question whether a mandamus lies to compel a corporation to allow a registry on its books of a transfer of stock. The weight of authority holds very clearly that mandamus will not lie. The rule is based largely on the historical origin of the writ of mandamus and on the theory that the stock of private corporations has no peculiar value and may be readily obtained in open market or fully compensated for in damages. There is a strong line of decisions, however, which holds that a mandamus does lie to compel a corporation to allow a registry of a transfer of stock, particularly where the corporation has no good and sufficient reason for refusing the registry;" citing many decisions supporting the proposition that mandamus will lie in a case such as this.

The general rule to be deduced from all the authorities seems to be that mandamus will not be used except to compel the performance of some duty clearly imposed by law, and in respect to the performance of which no discretion may be exercised, and in behalf of one whose right to its performance is legally established and unquestioned, and where there is no other sufficient and adequate remedy. Dennett v. Acme Mfg. Co., 106 Me. 476, 76 Atl. 922.

In the Dennett Case, supra, decided by the Supreme Judicial Court of Maine in 1910, it is said in the body of the opinion:

"Notwithstanding the fact that the weight of authority in other jurisdictions appears to be otherwise, we are unable to assent to the doctrine that a bona fide shareowner in a private corporation existing under our statutes, who is wrongfully denied the statutory right to have a certificate of his shares issued to him by the corporation and a record transfer thereof made on its books, is afforded adequate remedy—a remedy commensurate with his special and peculiar rights and necessities under all the circumstances, by an action at law against the corporation for the value of his shares, or by the equitable proceedings for a specific performance. And we are of opinion that such remedies should not constitute a bar to relief by mandamus to compel such issue and transfer where the petitioner's right is unquestioned, and where neither the corporation nor its officers have or pretend to have any reason or excuse for their refusal."

In the case of In re Ballou, 215 Fed. 810, it is said:

"In 2 Clark & Marshall on Corporations, p. 1336, the remedies of one who is entitled to the issue of a certificate of stock, upon refusal to issue it, are thus set forth:

"'By the weight of authority if a corporation wrongfully refuses to issue a proper certificate of stock when it has the power and is under an obligation to issue the same, mandamus will lie to compel it do so. Or it may be compelled to do so by a suit in equity for specific performance of its express or implied contract, or instead of suing to compel the issuance and delivery of a certificate. the party may maintain against the corporation an action of assumpsit on its express or implied contract, to recover damages for the breach thereof, or, if he has title to the stock, he may treat the refusal to deliver a certificate as a conversion of the stock and maintain an action of trover to recover damages'."

In the case of Hair v. Burnell, 106 Fed. 280, the court said in the first paragraph of the syllabus:

"Mandamus is an appropriate remedy, both at common law and under Code Iowa, 1897, sec. 4341, to compel the president and secretary of a private corporation to issue certificates of stock in such corporation and deliver them to plaintiff and to transfer the same to plaintiff's name on the books of the corporation where he has become the legal owner of stock by a purchase of same at a sale on execution issued on a judgment against the former owner."

In Amidon v. Florence Farmer's Elevator Co. (Sup. Court, S. D. 1911) 28 S. D. 24, 132 N. W. 166, the syllabus is as follows:

"Mandamus lies to compel record of a trans er of corporate stock on the corporation's books by the officers. Where there has been a bona fide transfer by endorsement there is no question to be liquidated as to

title and there is a pure legal right to a transfer."

In Bank v. Glass Co., 83 W. Va. 1, it is said in the opinion:

"In these days, when a large part of all commercial business is transacted through corporations and the private success and fortunes of individual citizens are so largely involved therein, and prompt action in the registry and transfer of their shares is required to preserve the rights of stockholders and promote the interests of the corporation, it is very cold comfort to refer the stockholder to a court of law where he may have a judgment for damages. In many if not most instances, such relief will be wholly inadequate. The stock in a large majority of cases has no market value. Its value in many instances is prospective or depending on the management of the affairs of the corporation. The shares involved may be necessary to wrest the control of the corporation from incompetent or corrupt officers. In such cases there is no way to measure the actual damages and a stockholder with large interests involved without speedy process to enforce his rights is at the mercy of officers who have no reason to deprive him of his rights, except to further some private and personal ends of their own and in such cases, even equity will in most instances furnish no adequate relief. The existence of another remedy in such cases constitutes no bar to relief by mandamus, certainly not·when, as in the case at bar, the right which is clear has been already adjudicated."

In the instant case the undisputed allegations of the petition and alternative writ show that the plaintiff was a bona fide owner of 251 shares of the capital stock of the defendant corporation; that suits were pending in the district court of Tulsa county for the foreclosure of mortgages, and that the property of the corporation would be sold to satisfy said mortgages for a much less sum than the property was worth; that the officers of the company, R. C. Reisling, Blanche A. Riesling, and M. C. Reisling, failed to take any steps to protect the value of the stock which the plaintiff held; that the Reislings were attempting to have the property of the corporation sold so that the stock would not represent any material interest in the property and that the same would become valueless; that the basis of the refusal to transfer the stock upon the books of the company was for the purpose of excluding the plaintiff from participating in the management of the corporation, and to prevent him from doing any act or thing to protect the property of the corporation or the interests of stockholders in the corporation; that in order to keep the property and plant owned by the corporation from being sold under foreclosure at a great sacrifice it

would be necessary to raise money and arrange for extension of time for paying portions of said indebtedness, and that said arrangements must be made immediately; that any delay would result in all the property being sold at a total loss to the stockholders and that the petitioner was entirely without adequate remedy.

It is apparent from the state of facts appearing in the case that the financial condition of the defendant was such as to admit of no delay in according to the plaintiff his statutory rights to have his stock, consisting·of more than one-half of the company's shares, entered upon the stock and transfer books of the corporation in order that he might immediately avail himself of the opportunity to participate in its affairs, and endeavor to save its property from a forced sale.

We are of the opinion that in this situation a suit in equity for specific performance would not be a plain and adequate remedy.

"Before that remedy could be prosecuted to a final decree important opportunities to enhance the value of the business of the corporation may have passed and maladministration have wasted and dissipated its assets. Such a remedy is not commensurate with the petitioner's rights He is entitled to the privilege of a stockholder at once that he may immediately share in the assets of the corporation and have part in its affairs. A remedy that can at most afford him his rights as a stockholder only at some future time is not an adequate remedy." Dennett v. Acme Mfg. Co., supra.

We conclude that in a case where the right of a stockholder to have his stock registered upon the books of the corporation is established and unquestioned as in this case, where there is no conflict of title or doubt as to the right, the refusal of the corporation and its officers to recognize such a stockholder's rights in either a public or private corporation organized and doing business under the laws of this state may be compelled to perform their duty by virtue of the statutes of the state in a case where it is clearly made to appear that there is no other sufficient and adequate remedy.

In the case of Rowe v. Border City Garnetting Co., 40 R. I. 394, 101 Atl. 223, it is said in the second paragraph of the syllabus:

"In view of financial condition of corporation, mandamus was proper to compel transfer of stock on corporation's books to a bona fide purchaser. since, under the circumstances, petitioner would not otherwise have an adequate remedy."

It is said in the opinion in that case:

"It does not seem, however, too much to claim as to the matter of. proper use of process, say of mandamus, that. if the circumstances of the case show in the judgment of the court that a petitioner has no other adequate legal remedy and that justice can be done only by mandamus, a statute does in such case authorize the use of mandamus, although such use may run counter to its use under the practice established by the common law."

We think that mandamus is a proper remedy under the circumstances of this case, and that the judgment of the district court should be affirmed.

By the Court: It is so ordered.