LOWRY *v.* SAGINAW SPECIALTY CO.

1. NOTICE—PROOF OF MAILING—SUFFICIENCY.

On the question of whether a certain notice was given by defendant to plaintiff, the testimony of defendant's manager that he felt morally certain of having notified plaintiff by postal card, and that he also wrote him a letter of like import, and deposited it in the office box from which the postman took the mail, there being no evidence of the address on the letter, or that it was postpaid, was inadmissible.

2. CONTRACTS—CONSTRUCTION—QUESTION FOR JURY.

Where defendant notified plaintiff, as the result of negotiations between them, that it would accept a 25 car load order for boxes, and to send on contract, and plaintiff forwarded an order for 25 car loads, 5,000 boxes to a car, which was received by defendant without objection, the defendant, in an action on the contract, cannot complain that the question of the number of boxes contracted for was submitted to the jury, their finding not having exceeded the number specified in the order.

Error to Saginaw; Beach, J.    Submitted April 19, 1901. Decided September 25, 1901.

*Assumpsit* by Robert C. Lowry against the Saginaw Specialty Company for the breach of a contract to manufacture certain boxes. From a judgment for plaintiff, defendant brings error. Affirmed.

*Nathan S. Wood* and *George W. Weadock*, for appellant.

*Humphrey & Grant*, for appellee.

MOORE, J. In July, 1899, the parties to this litigation had correspondence in relation to the defendant manufacturing for the plaintiff a quantity of box shooks. The result of the correspondence was that on July 31st defendant telegraphed plaintiff, "Will accept 25 car load order."

On the same day it forwarded plaintiff a letter accepting the contract, and saying, " We ask you to send on contract for us to sign." On August 1st plaintiff sent the following letter:

"Your telegram and letter of the 31st ult. to hand, accepting order for 25 car loads of style 1 white pine boxes, at 7½c. each, f. o. b. Saginaw, W. S., Mich., printed both ends and sides, and we herewith accept the same, and inclose our order No. 5,556 for 25 car loads, to be shipped at the rate of one to two car loads weekly. Terms, etc., as per our letter to you of July 13th. Please send us the diameter of your cylinder, so that we can secure the dies, and send the same to you. Acknowledge receipt of order, and oblige."

Inclosed in the letter was the order referred to, the material portions of which read as follows:

"Order for boxes in shooks. No. 5,556. Sound, dry, white pine lumber. No loose knots, rotten, shaky, or worm-eaten boards. 25 car loads, at 7½ cents, f. o. b. cars Saginaw, Mich. Quantity per each car, 5,000 boxes. Box number 16. * * * Both ends and both sides of these boxes to be printed in black as per plates we will send you upon receipt of size of your cylinder, etc. * * * Load each car to fullest capacity. Ship only by cheapest line."

No objection was made to the contents of this order or its directions, and the subsequent correspondence indicates an intention to fill it. In order to do the printing required by the contract, it was necessary for defendant to get a new press, and, to enable plaintiff to furnish plates or dies for it, it was necessary for him to know the size of the cylinder. It is the claim of the defendant it did not fill the order because plaintiff did not send the plates for printing. September 14th defendant wired plaintiff canceling the contract, and on the same day wrote him, assigning as a reason for canceling the contract that he had not sent the dies. It is the claim of the plaintiff that he repeatedly tried to get the size of the cylinder, and was always ready to send the dies, and that the real reason for

the defendant not completing the contract was that there had been a sharp rise in the value of the boxes. As the defendant refused to go on with the contract, the plaintiff sued, and recovered a judgment. The defendant brings the case here by writ of error.

Upon the trial the testimony offered on the part of the plaintiff was positive that no notice had ever been received by him of the size of the cylinder. The testimony also shows the new press was not received by defendant until the same day it undertook to cancel the contract. For the purpose of showing defendant had notified plaintiff of the size of the cylinder, the manager of the defendant was allowed to testify that he was morally certain he notified plaintiff of its size by postal card. He was also allowed to give in evidence a copy of a letter which he said he wrote plaintiff, and deposited in the office mail box of defendant from which the postman took the mail. This testimony was all objected to. It was practically eliminated from the case by the charge of the court to the jury. This is said to be error, counsel saying evidence that a postpaid notice was put in due course for mailing is competent; citing Abb. Tr. Ev. 434, and other authorities.

The rule is stated in 16 Am. & Eng. Enc. Law, 825, as follows:

"Proof of the mailing of a notice properly addressed and postpaid raises a presumption that the notice was received by the person to whom it was directed."

The trouble with this case is with the proof. The most that can be said of the testimony of the manager is that he felt morally certain he sent a postal card, while the record is entirely barren of any evidence of what the address upon the letter was, or that it was postpaid. To hold such testimony competent would be to extend the rule further than any authority has done to which our attention has been called.

It is said the court erred in submitting the question to the jury of how many boxes were to be shipped. It is

said that, while the contract was for 25 car loads, it did not state how many boxes should constitute a car load; that, as it was known how much each box would weigh, and as the classification by railroad men of 24,000 pounds for a car load was shown, in computing the amount of the damages the computation of boxes should have been made upon that basis. Testimony was given upon both sides as to what was understood as a car load, and the question was left to the jury. Inasmuch as the telegram and letter of July 31st stated defendant would accept a 25 car load order, and to send on the contract, and on August 1st plaintiff accepted the offer, and inclosed an order for 25 car loads, 5,000 boxes to a car load, and no objection was ever made to this order, if there is any one who has just cause for complaint at having the question submitted to the jury it is not the defendant.

Judgment is affirmed.

HOOKER, LONG, and GRANT, JJ., concurred. MONT-GOMERY, C. J., did not sit.