BUCKEYE BREWING CO. *v.* EYMER.

EVIDENCE—PLEADINGS—CREDIBILITY OF WITNESSES.

Although the plea and notice of defendant was not offered and received in evidence, the date of a compromise as set forth therein was an admission not requiring proof, and might be commented on by counsel and considered by the jury in weighing the defendant's testimony that the compromise took place at a later date.

Error to Saginaw; Gage (William G.), J. Submitted June 16, 1909. (Docket No. 10.) Decided July 6, 1909.

Assumpsit by the Buckeye Brewing Company against Andrew Eymer for goods sold and delivered. A judgment for plaintiff of $61.82 is reviewed by plaintiff on writ of error. Reversed.

*Miles J. Purcell* and *Henry E. Naegely*, for appellant.

*Beach, O'Keefe & Rockwith*, for appellee.

BROOKE, J. This action was brought to recover the sum of $3,502.63 for beer sold by the plaintiff to the defendant. Plaintiff is a brewing company in the city of Toledo, and the defendant has been a jobber of the plaintiff's beer in the city of Saginaw for upwards of 25 years, during which period he has handled large quantities of plaintiff's beer. The defendant, in making payments on his account to the plaintiff for the beer which it furnished, has, for a period of 20 years past, paid to a collector or agent of the plaintiff, who called on the defendant, for the purpose of making collections, at the city of Saginaw. At the times plaintiff's collector called, and when payments were made by the defendant, the collector gave the de-

fendant credit upon the bill which he presented, and the defendant signed his name to the statement. These statements were introduced by the plaintiff and covered a period from April 17, 1893, down to July 6, 1907. The statement under the last date is as follows:

| | | |
|---|---:|---:|
| Balance | | $3,127 44 |
| 210 barrels | | 1,470 00 |
| | | $4,597 44 |
| Covering ice | $6 25 | |
| Leakage, 2–2, 2–4 | 10 50 | |
| Donation, 3–2 | 10 50 | |
| Henning, 2 notes | 272 00 | |
| Henning, 2 notes | 312 50 | |
| Cash | 350 00 | |
| Rebate, 207 barrels | 414 00 | |
| Freight | 1 20 | |
| Cash | 28 49 | 1,405 44 |
| Balance | | $3,192 00 |

The last car not included.                    A. EYMER.

The transactions between the parties between July 6, 1907, and October 26, 1907, were set forth in Exhibit B, and starting with the balance shown in Exhibit A, as above set forth, of $3,192, and debiting the account with the shipments and giving credit for the payments, a net balance was reached of $3,502.63, for the recovery of which this suit was brought.

The defendant pleaded the general issue, and thereunder gave notice of a special defense, which was, in effect that during the years 1891, '92, and '93, the beer he had received was damaged, spoiled, and of inferior quality; that on the 11th day of April of that year he would have owed the defendant the sum of $3,200 if the beer furnished had been of good quality; that he refused to pay the plaintiff the amount of money claimed to be due for the reason that the beer was damaged, etc.; that he had informed plaintiff that he would not continue to handle its beer in the city of Saginaw longer; that the plaintiff insisted on defendant handling its product; that it would cancel the

claim of indebtedness of $3,200 claimed to be owing said plaintiff by defendant in the following manner: The said defendant was to continue purchasing beer from said plaintiff, and plaintiff was to deduct the sum of 25 cents a barrel for each and every barrel of beer purchased by said defendant, to wit, after the 11th day of April, 1893, and, when said defendant had purchased a sufficient number of barrels of beer so that the total amount equaled $3,200, giving a credit of 25 cents on each barrel of beer purchased, then the plaintiff was to cancel its claim of indebtedness of $3,200. Further, that it was agreed between the plaintiff and defendant that the sum of $3,200 would be carried on the plaintiff's books as a charge against the defendant, and that he should sign settlement sheets showing the amount of the claim of indebtedness, and that said defendant did sign settlement sheets, which said plaintiff now has in its possession, under and by the agreement which said plaintiff and defendant· had as aforesaid. Further, that said defendant since April 11, 1893, up to October 28, 1907, purchased from said plaintiff 18,062⅓ barrels of beer, and, by the terms of the agreement made and entered into between said plaintiff and defendant, defendant is entitled to have a reduction of 25 cents on each and every barrel of beer purchased by him, and have said claim of indebtedness of $3,200 canceled, as the same has all been paid as aforesaid. Testimony offered on behalf of the defendant tended to show that the alleged agreement in reference to the rebate was made in December, 1893, instead of April of that year. In the closing argument of the attorney for the plaintiff, he read from the defendant's notice attached to the plea as follows:

" 'That said defendant was to continue purchasing beer from said plaintiff, and was to deduct the sum of 25 cents a barrel for each and every barrel of beer purchased by said defendant, to wit, after the 11th day of April, 1893, and when said defendant had purchased a sufficient number of barrels of beer so that the total amount equaled

$3,200.00, giving a credit of 25 cents on each barrel of beer purchased, then the plaintiff was to cancel its claim of indebtedness of $3,200,' and then further argued to the jury that his claim now was that the contract was made in December, 1893; that in April, 1893, there was only $3,000 due the plaintiff; and that he had changed his testimony because in December, 1893, it was $3,200."

Upon this point the learned circuit judge instructed the jury as follows:

" I instruct you, gentlemen, that in this case the pleadings not having been introduced in evidence, you are not to consider them at all. They must be introduced in evidence in order to be binding; that is, for the purpose of enabling the opposite party an opportunity to furnish any explanation he may desire, either by evidence or argument of his counsel, in order to make the matter admissible for your consideration, and you will, therefore, not take into consideration any statements that have been made here in reference to the inconsistency of the pleadings, and the defense of counsel."

In this ruling we think the learned circuit judge was in error. Circuit Court Rule 7, subd. *e*, is as follows:

"Any statement of facts set forth in a notice added to a plea shall be treated as an admission by the defendant and need not be proved by the plaintiff."

It is doubtless true, as argued by defendant's counsel, that under the plea defendant could show the making of the alleged contract at a date later than that stated in the notice. But the fact of the variance between the testimony and the statement in the plea as to the date was a matter of proper comment by plaintiff's counsel, and one which might very well be considered by the jury in passing upon the credibility of the defendant.

Error is assigned because of the exclusion of a press copy of a letter claimed to have been sent by plaintiff to defendant's agent Beat. Under the evidence as disclosed by the record, we are of opinion that the court properly excluded the letter. See *Lowry* v. *Saginaw Specialty Co.*, 128 Mich. 246 (87 N. W. 194).

The other errors assigned need not be noticed, as they are not likely to arise on another trial.

For the error pointed out, the judgment will be reversed, and a new trial granted.

BLAIR, C. J., and GRANT, MONTGOMERY, and MC-ALVAY, JJ., concurred.