JULIUS HERMANN & CO. *v.* PEOPLE'S DEPARTMENT STORE.

1. PLEADING—AMENDMENT—PRACTICE—NOTICE OF DEFENSE.
   In an action for the purchase price of goods, it was not error to refuse leave to amend a notice of defense which admits the delivery and acceptance of the property, and sets up a right, under the contract of purchase, if the goods could not be sold, to return them to the seller and have the account canceled, by changing the notice so as to set up the inconsistent defense that the contract of purchase was invalid.

2. SAME—INCONSISTENT DEFENSES—APPEAL AND ERROR.
   Where plaintiff established its case and the defendant failed to prove such defense, so that a verdict for the amount recovered should have been directed upon the admissions in the plea and notice, the consideration of other assignments of error alleged by the defendant becomes unnecessary.

Error to Bay; Collins, J. Submitted January 11, 1910. (Docket No. 27.) Decided March 5, 1910.

Assumpsit by Julius Hermann & Company against the People's Department Store for goods sold and delivered. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*James Donnelly* and *John W. Leahy,* for appellant.

*Lee E. Joslyn,* for appellee.

BLAIR, J. Plaintiff brought suit against defendant on the common counts in assumpsit to recover the amount of two invoices of merchandise shipped to defendant October 16 and 22, 1908, respectively. Defendant pleaded the general issue, with the following notice of special defense:

"Please take notice that on the trial of said cause defendant will give evidence of and show that the goods and personal property for the price of which said plaintiff has brought suit against defendant was purchased by defendant from plaintiff and accepted upon the express condi-

tion, as a part of the contract of purchase between the parties, that said goods and personal property, if the same could not be sold within a reasonable time after purchase, could be returned to the said plaintiff, and if in proper condition would be credited defendant with the goods returned at the purchase price thereof. And that defendant did return to said plaintiff sufficient of the goods purchased for which said action is brought to cancel and adjust the account between plaintiff and defendant if credited thereon according to the contract, except a balance of sixty-three ($63.00) dollars; and that defendant tendered and offered to pay and still offers to pay said balance of sixty-three dollars ($63.00), admitted to be due plaintiff. That defendant further tenders and offers to pay to plaintiff the further sum of sixteen and ten one-hundredths ($16.10) dollars, to cover all taxable costs in said action up to the date of filing this plea."

At the close of the testimony, defendant, having utterly failed to prove the alleged agreement for the return of the goods set up in its notice, applied to the court for leave to withdraw the notice and to make the defense that there was not a valid contract of purchase. This application was denied, exception taken, and error is assigned thereon. Plaintiff recovered judgment upon the verdict of the jury, to whom the case was submitted, and defendant brings error.

It was not error for the court to decline, at the close of the case, to permit the withdrawal of the notice and the substitution of an entirely different and inconsistent defense from that made by the pleadings.

The effect of the defendant's plea, under Circuit Court Rule 7 e, was to admit the purchase and acceptance of the goods, and, the defendant having failed to prove any condition or qualification connected with or a part of that contract of purchase, plaintiff, on the undisputed facts, was entitled to an instructed verdict. We therefore do not find it necessary to consider the assignments of error.

The judgment is affirmed.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.