IRWIN v. WOLCOTT.

1. PLEADING — DEFENSE — NOTICE OF SPECIAL DEFENSES — ADMISSIONS—EVIDENCE.

Statements of fact made in defendant's notice of special defenses, with his plea of the general issue, are admissions, under Circuit Court Rule 7 (e), and need not be proved by plaintiff.

2. BILLS AND NOTES—ACCOMMODATION PAPER—CONSIDERATION.

Defendant was accommodation indorser upon paper of an insolvent national bank. He claimed to have been induced by fraudulent representations to execute the notes, and gave notice, as a special defense, that the notes were a pre-existing indebtedness of the corporation maker and that they were without consideration and obtained by fraud. The cashier of the bank had notice that the notes were accommodation paper and they were drawn directly to the bank. Held, that the facts did not preclude the bank from recovering.[1]

3. FRAUD—PROMISES—ESSENTIAL ELEMENTS.

Representations of the president of a corporation inducing defendant to execute accommodation paper of the company, to the effect that the notes would be taken up and satisfied by the company at maturity, that they were not enforceable, that the company was doing better financially, and would soon be prepared to take up the notes, held, not to amount to representations as to facts so as to entitle defendant to defend against an action on the notes for the alleged fraud.

Error to Calhoun; North, J. Submitted January 8, 1914. (Docket No. 23.) Decided December 18, 1914.

Assumpsit by Frank L. Irwin, as receiver of the

---

[1] As to the imputation of knowledge of bank officers to bank, where officers are personally interested, see note in 29 L. R. A. (N. S.) 558.

Albion National Bank, against L. J. Wolcott upon two promissory notes. Judgment for plaintiff. Defendant brings error. Affirmed.

*Weeks & Cooper,* for appellant.

*Edward R. Loud* and *Burritt Hamilton,* for appellee.

McALVAY, C. J. This suit was instituted by plaintiff, as receiver of the Albion National Bank, to recover against defendant on two promissory notes found by him among the assets of said bank after the comptroller of the currency had taken possession. These notes were dated March 27, 1906, each for the sum of $1,500, with interest at 6 per cent., payable to the Albion National Bank six months after date. The case was tried before the court with a jury, and at the close of taking the testimony a verdict was directed to be entered for the full amount due in favor of the plaintiff, upon which a judgment was duly entered. Defendant asks for a reversal on account of errors assigned.

The facts necessary to be stated are as follows: The Albion National Bank was the successor of the First National Bank of Albion, whose charter expired by limitation January, 1905. The Cook Manufacturing Company was the successor of the Albion Implement & Windmill Company, which latter company had been a customer of said First National Bank of Albion. The Cook Manufacturing Company, above mentioned, was organized in 1901 or 1902, and was officered by the same individuals who were officers and directors of the First National Bank of Albion, being the same individuals who afterwards became the officers and directors of the Albion National Bank when it was organized in 1905. The Cook Manufacturing Company was a customer of both these banks. It appears that it was not a successful business ven-

ture, as it ran behind altogether, during the ten years it operated, from 1901 to 1911, from $140,000 to $160,000, and each year its losses averaged from $10,000 to $12,000.

The notes in question, upon which suit has been brought by the receiver, are renewals of a note given by defendant to the First National Bank of Albion, July 28, 1903, for $3,000. It appears that before this $3,000 note was given other accommodation notes of defendant had been discounted in the transactions between the First National Bank of Albion and the Cook Manufacturing Company, but whether these were paid or renewed and whether any part of the amounts such notes represented entered into this $3,000 note it is impossible to say from the record. The execution of the notes in suit is not denied by defendant. At the time they were given he was, and for several years had been, in the employment of the Cook Manufacturing Company, of which he at one time was a director. These notes were first given by defendant at the request of Mr. Dearing, the president of the company, as accommodation paper for the benefit of the company and were so received by the bank. Upon the backs of the notes in suit appeared indorsements of payments of several years' interest. It was admitted on the trial that these payments had been made by the Cook Manufacturing Company, and not by defendant. Mr. Dearing, who was president of the Cook Manufacturing Company, was at the same time cashier of the Albion National Bank, and had also been cashier of the First National Bank of Albion during its existence.

The president of the Albion National Bank, who had also been president of the First National Bank of Albion during the last ten years of its existence, testified that Henry M. Dearing was cashier of the Albion National Bank, and also of the First National Bank

of Albion, during these transactions with defendants, and that, as a matter of fact, the board of directors allowed the cashier to run the whole institution; that is, they "acquiesced." He further said:

"In a sense, Mr. Dearing had general control of the affairs of the bank and the board of directors allowed him that control, and he was exercising that general management and control of the bank's affairs during 1903 and 1906. The directors usually acquiesced in what he did without first taking any formal action as to what to do."

Defendant claimed that when he first gave this accommodation paper at the request of the president of the company, at which time he was employed by it as a salesman and collector, he was then told by the president that the company was overdrawn at the bank, and he desired this paper as a matter of accommodation to take care temporarily of overdrafts, and it would be taken up in a short time; that the company had big prospects; that the notes were renewed at the request of the same officer, who stated that the business of the company was getting better every day. He insists that these statements so made at the time he gave and renewed these notes, by which he was induced to do so, were false and fraudulent.

The errors assigned and relied upon relate to the exclusion by the court of testimony offered on behalf of defendant, and also to the action of the court in instructing a verdict for plaintiff.

In this case the defendant, under the general issue, gave extended notice to the effect that these notes in suit were given as renewals of other notes of like amount given by him as accommodation paper for the benefit of the Cook Manufacturing Company, and for a pre-existing indebtedness owing by said company to said bank, and that they were without consideration; that said notes were procured by the fraud of

the president of the Cook Manufacturing Company. The following brief excerpts from such notice will indicate the fraud charged:

"That he represented to said defendant at the time of making said original notes and the notes described in plaintiff's declaration that they would be taken up and satisfied by the Cook Manufacturing Company at or prior to their maturity."

"That said notes were not enforceable, and that he should not be called upon to pay them."

"That the giving thereof was temporary accommodation to the Cook Manufacturing Company to cover an overdraft of said company at said Albion National Bank."

"That said notes would be taken care of by the paper of customers of the Cook Manufacturing Company."

"That at the time of giving the renewal notes described in plaintiff's declaration this defendant was induced to give them upon the representation that the Cook Manufacturing Company was doing better and would soon be in shape to take care of said renewals, and promised defendant that they would very soon be taken care of, and that defendant would never be called upon to pay them."

It is undisputed that the only person who made these representations to defendant was the president of the Cook Manufacturing Company, who made the representations in that capacity on behalf of the company, for the benefit of the company. The record shows that the original note was presented to the bank for discount, and was discounted for the accommodation of the Cook Manufacturing Company, and that the company was credited with that amount in reduction of an overdraft. If this were all that is claimed on the part of defendant for this transaction, it would appear to be the ordinary transaction of a concern in need of funds, which relieved such need by securing accommodation paper. It is the contention of defend-

ant, however, that because the president of the Cook Manufacturing Company was at the same time the cashier of the bank, his knowledge and statements made as such president must be imputed to the said bank. It is further contended by defendant that the bank was not a holder of the note for value, for the reason that it had been discounted by the bank for an antecedent debt due it from the Cook Manufacturing Company, and therefore the bank had not parted with any actual consideration.

We desire to call attention at this point to the notice of special defense given by defendant under his plea, from which we have already freely quoted. The statements of fact made in such notice, under Circuit Court Rule 7 (*e*), are admissions made by defendant which need not be proved by plaintiff. *Julius Hermann & Co.* v. *People's Department Store,* 160 Mich. 224 (125 N. W. 49).

From this notice we find that defendant admits that the notes in suit were given by him as renewals of other notes of like amount as accommodation paper for the benefit of the Cook Manufacturing Company, for a pre-existing indebtedness owing by said company to the bank, which notes he was induced to give at the solicitation and request of the president of said company upon the representation that it was a temporary accommodation to the company to cover an overdraft it had at the bank, and the record shows that the first of these accommodation notes was presented to and discounted at the bank and credit given, which reduced the overdraft to the amount of such discount.

Defendant contends that, because the officers and directors of the First National Bank of Albion and its successor, the Albion National Bank, were the officers and directors of the Cook Manufacturing Com-

pany, the bank was charged with notice of the fraud claimed to have been perpetrated upon defendant. In view of the admissions made by defendant and the undisputed record, can it be said that the court was in error in instructing a verdict on behalf of the plaintiff, and also in refusing to allow defendant to introduce evidence in support of the proposition contended for? As has already been stated, he gave these accommodation notes to be discounted for a certain purpose, at the request of, and for the benefit of, the Cook Manufacturing Company, and they were applied to the purpose for which they were given; at least, the original note was, and the others are admittedly renewals of the first note. The agreement authorized the discount of the note, and the fact that it was known to the cashier of the bank that the paper had been drawn for accommodation would not prevent the bank which discounted it for value, by giving credit to the company for the amount of the discount upon its account, from recovering thereon. In a case where this question was involved, the Supreme Court of the United States has so held. In that case, as in the instant case, the note was drawn directly to the bank. It was for the accommodation of one of its directors for the purpose of reducing an overdraft. The note was discounted by the bank, and credit given in reduction of the overdraft. *Israel* v. *Gale,* 174 U. S. 391 (19 Sup. Ct. 768).

It appeared that the notes sued upon had payments of interest for several years indorsed thereon. Defendant denied that he had made these payments of interest, and sought to show that the indorsements on these notes were actually made by checks from the Cook Manufacturing Company. Earlier in the record it was admitted by counsel for plaintiff, as already stated, that these payments on the notes were made by the Cook Manufacturing Company. This left the

matter undisputed, and, upon any view, the fact that the interest was paid by the company for which the accommodation paper was made was correctly held by the court to be immaterial.

The other errors relied upon by defendant which need be considered refer to the contention, already stated, that the close relations between these banks and the Cook Manufacturing Company imported knowledge of the fraudulent representations which defendant claims induced him to give these accommodation notes.

Our conclusion is that, admitting the representations to have been made to defendant, as claimed, by the president of the Cook Manufacturing Company at the time the original note was given and later, when renewals were given, it cannot be held that they amount to false and fraudulent representations of fact; nor, from a careful examination of the proof offered on the part of defendant to show the same, which was excluded by the court, in view of the admissions of defendant, do we find it was material to the issue joined in the case.

This court, therefore, holds that the trial court was not in error in excluding the testimony offered by defendant or in directing a verdict for the plaintiff.

The judgment is affirmed.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.