### DENNIS *v.* VINTON.

1. PLEADINGS—PLEA AND NOTICE—ADMISSIONS—COURT RULES.
    Under Circuit Court Rule No. 23, § 6, providing that any statement of fact set forth in a notice added to a plea shall be treated as an admission by the defendant and need not be proved by the plaintiff, the plea and notice need not be formally introduced in evidence in order to make admissions they may contain available to plaintiff.

2. SAME.
    Under such rule a plaintiff is not bound by a claim of defense contained in a notice, or by the facts stated therein, added to a plea, even though he offered such record in evidence.

3. BROKERS—CONTRACTS—CONSIDERATION—BURDEN OF PROOF.
    In an action by a broker on a written contract for services for the sale of real estate, the fact that the record offered in evidence by plaintiff of defendant's notice, filed with his plea under Circuit Court Rule 23, § 6, stated a certain consideration had been paid by defendant to

plaintiff under the agreement for services as a broker sued on, together with the facts evidenced by the writing and by defendant's testimony, were not sufficient to relieve plaintiff from proving that the stated consideration had been paid or furnished by defendant, as it was uncertain from the words employed in the writing whether it did or did not import a consideration rendered by plaintiff for defendant's promise.

Error to Wayne; Mandell, J. Submitted October 8, 1917. (Docket No. 56.) Decided December 27, 1917.

Assumpsit by Frederick W. Dennis, administrator of the estate of Arthur S. Dennis, deceased, against Warren Jay Vinton for services rendered. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*James R. Neill,* for appellant.

*Sherman D. Callender,* for appellee.

Plaintiff declared in assumpsit upon the common counts and upon a special count for money due plaintiff under and by virtue of "a written contract," reading:

> "WARREN JAY VINTON,
> "Detroit, Michigan.
>
> "March 17, 1916.
>
> "MR. ARTHUR S. DENNIS,
>     "Detroit, Mich.
>
> *"Dear Sir:* I hereby agree to pay you the sum of three thousand five hundred dollars ($3,500,00) in consideration of your services in connection with the sale of fifty (50) acres more or less on the N. W. corner of Livernois Ave. and the Detroit Terminal R. R. Said payment to be made upon completion of sale.
>
> "Very truly,
> "WARREN JAY VINTON."

Defendant pleaded the general issue and gave notice that he would prove at the trial:

"That at the time of the filing of said declaration herein and since the 17th day of March, 1916, the said plaintiff has been indebted to this defendant in the sum of $250, money had and received by the plaintiff from this defendant without consideration, which said amount, with interest thereon, this defendant will ask at the time to have allowed in his favor and have judgment therefor.

"And this defendant will at the trial offer in evidence a certain check which is in words and figures following:

" 'DETROIT, MICH., March 17, 1916.   No. F. 2297.
" 'FIRST AND OLD DETROIT NATIONAL BANK 9—1.
" 'Pay to the order of Arthur S. Dennis $250.00 two hundred & fifty dollars.

" 'WARREN JAY VINTON.'
"(Check is indorsed:   'A. S. DENNIS.')"

"And this defendant will further show at the trial that the said alleged written agreement set forth in plaintiff's declaration was never carried out by said plaintiff; that the services claimed to have been performed by said plaintiff were never performed; that the transaction referred to in said letter was with one Fred E. Gregory; that said Fred E. Gregory totally failed and neglected to carry out the proposed agreement for the purchase of said premises, which said agreement was forfeited and canceled through no fault of this defendant; that thereafter this defendant made demand upon the plaintiff for the repayment of the said $250 advanced by this defendant to plaintiff, which amount said plaintiff has failed and neglected to repay.   Wherefore this defendant has been damaged in the sum of $250 and interest, for which he asks judgment in his favor."

Plaintiff called the defendant as a witness, and no other witness was sworn. Defendant gave testimony tending to prove that at one time he had an interest, by way of a contract to purchase, in the parcel of land mentioned in the writing set up in the declaration, and that he had sold his said interest. The writing was offered, and, over objection, was received in evi-

dence. Direct examination of the witness ended here. The court inquired of plaintiff's attorney, "What is the basis of your suit?" the reply being:

"It is a suit that he owed us that amount of money; it speaks for itself, services and not commission.

"*The Court:* Services already rendered or to be rendered?

"*Mr. Neill:* Services that have been rendered."

On cross-examination, the witness testified that he did not sell the property pursuant to the agreement with plaintiff's intestate. Plaintiff offered in evidence the defendant's plea and notice, and rested. No further testimony was offered. Plaintiff preferred no requests to charge, but took an exception when the court, upon defendant's motion, directed a verdict in his favor. Judgment was entered on the verdict.

Plaintiff did not, in the usual way, assign error. At some time he gave a notice to defendant's attorney which may be and is interpreted to mean that error is assigned upon the charge, and is co-extensive with the exception taken thereto.

It is plaintiff's theory that the writing declared upon is a promise to pay a sum of money upon a contingency which the testimony shows has happened, and that the burden of proving want of consideration rests upon the defendant; further, that in the notice given by defendant with his plea is an admission that $250 of the $3,500 was actually paid by defendant to plaintiff. The trial court was of opinion that upon the face of the contract itself it was apparent "that the services were not complete," that the proof of consideration had failed, and, as the plaintiff had offered in evidence the plea and notice which contain an offer to prove that the services had not been performed, "there has been an utter failure of consideration for the promise to pay, and the promise is not of full force and effect."

OSTRANDER, J. (*after stating the facts*). Circuit Court Rule No. 23, § 6, provides that any statement of fact set forth in a notice added to a plea shall be treated as an admission by the defendant and need not be proved by the plaintiff. The plea and notice are a part of the record, and it is unnecessary to formally introduce them in evidence in order to make available for plaintiff any admissions they contain. *Carpenter* v. *Carpenter*, 126 Mich. 217 (85 N. W. 576); *Buckeye Brewing Co.* v. *Eymer*, 157 Mich. 518 (122 N. W. 124); *Irwin* v. *Wolcott*, 183 Mich. 92 (149 N. W. 1035). Plaintiff is not bound by a claim of defense contained in the notice, nor bound by facts therein stated. Nor was his position changed by the fact that he formally offered the record in evidence. The fact stated therein, of which he sought to avail himself, was that a payment of $250 had been made—advanced—by defendant to plaintiff, pursuant to whatever agreement existed.

In my opinion, this fact, and the facts evidenced by the writing and by the testimony of defendant, are not sufficient, in law, to relieve plaintiff from proving that the stated consideration had been paid or furnished to defendant. This because it is uncertain from the words employed in the writing whether it does or does not import a consideration rendered by plaintiff for defendant's promise. Being uncertain, it was necessary for the plaintiff to prove performance—consideration—on the part of his decedent, and in this behalf the notice given by defendant does not aid him. It is probable, as was remarked by the learned trial judge, that the death of one party to the arrangement (whatever it was) has made it difficult for either party to the suit to spread upon the record the real facts.

The judgment must be affirmed.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.