ROLLAND TOWNSHIP *v.* PAKES.

1. PLEADING—ADMISSIONS.

 Where, in an action against road contractors and their surety by a township for gravel furnished to defendants' subcontractor, defendants' notice of special defense admitted the ownership of the gravel pit by the plaintiff, it was relieved from establishing title thereto, under Circuit Court Rule No. 23.

2. CONTRACTS—TOWNSHIPS.

 Where plaintiff township's highway commissioner, after obtaining the consent of two members of the township board, told defendants' subcontractor that he might have gravel from the township pit at 10 cents per cubic yard, said arrangement did not constitute a valid contract between the township and the subcontractor, there having been no action by the township board.

3. CORPORATIONS — CONTRACTS — ULTRA VIRES—RIGHT TO RECOVER ON QUANTUM MERUIT.

 Although courts, acting under proper construction of the law, will sustain no action on contracts made by corporations which are beyond the scope of their powers, and therefore unlawful and void, yet relief may be had by the party aggrieved by disaffirming the contract and suing to recover on a *quantum meruit* the value of what the defendant has actually received the benefit of.

4. MUNICIPAL CORPORATIONS—TOWNSHIP MAY RECOVER VALUE OF GRAVEL FURNISHED.

 Defendant road contractors, who used gravel from plaintiff township's gravel pit, and received their pay therefor from the State, are liable to plaintiff for the reasonable value thereof, where the declaration counted on such liability, although no valid contract to furnish said gravel existed.

5. FRAUDS, STATUTE OF—GRAVEL SEVERED NOT REAL ESTATE.

 Gravel severed and removed is not real estate, and therefore no contract in writing is required to render liable

road contractors who used the gravel on a road they were constructing.

6. MUNICIPAL CORPORATIONS—RIGHT TO SUE ON CONTRACTOR'S BOND —MATERIALMEN.

   A township which furnished to a subcontractor gravel for which it has not been paid, to be used in constructing a road, has a right to sue on the contractor's bond given to protect materialmen for materials furnished.

7. SAME — TOWNSHIPS — AGREEMENT TO ACCEPT BONDS IN PAY FOR GRAVEL VOID.

   An agreement by a township to accept from road contractors road bonds at par in payment for gravel furnished by it was beyond its power to make, and therefore its breach by the township was no excuse for defendants' refusal to pay for the gravel, on the ground that the discount they suffered in taking the bonds equaled the amount owing for the gravel.

Error to Montcalm; Hawley (Royal A.), J.   Submitted January 9, 1924.   (Docket No. 24.)   Decided March 5, 1924.

Assumpsit by the township of Rolland against Fred Pakes and Ernest Snyder, copartners as Pakes & Snyder, and the Fidelity & Deposit Company of Maryland for gravel sold to defendants Pakes and Snyder. Judgment for defendants on a directed verdict.   Plaintiff brings error.   Reversed.

*F. H. Dusenbury,* for appellant.

*Griswold & Cook,* for appellees.

WIEST, J.   Defendants Pakes and Snyder contracted with the State highway department to construct assessment road district No. 364, and then let, by verbal subcontract, the graveling of 5½ miles of the road to Oliver Edgar.   Defendant company became surety on the bond of Pakes and Snyder under Act No. 187, Pub. Acts 1905 (3 Comp. Laws 1915, § 14827 *et seq.*), for the payment of "all indebtedness which

may arise from said contractor to a subcontractor or any party performing labor or furnishing materials or from any subcontractor to any person, firm or corporation on account of any labor performed or material furnished." *  *  *

Subcontractor Edgar obtained gravel for the road from a pit owned by the township of Rolland, paid for the same in part, and this suit was brought by the township to recover for gravel so used and not paid for.  At the conclusion of the evidence the circuit judge directed a verdict for defendants, holding there was not sufficient showing of the ownership of the gravel pit by the township; no valid contract between the township and Edgar; that gravel in a pit unremoved is real estate and a contract to sell such gravel must be in writing to be valid; there could be no recovery by plaintiff on a *quantum meruit,* and there was no evidence of value of the gravel taken outside of the price fixed in the void agreement.  The ownership by the township of the gravel pit was admitted by defendants Pakes and Snyder in their notice of special defense under plea of the general issue.  But it is said the admission in the notice was not of any allegation of title made in the declaration and defendants invoke the holding in *East Side Trust & Savings Bank* v. *McGinnis,* 197 Mich. 432.  In that case the declaration was on the common counts while in this case the declaration alleged:

"That the said Rolland township, Isabella county, Michigan, a municipal corporate entity, furnished certain material for and in the construction of said assessment district road No. 364 aforesaid, the said material consisting of fifty-five hundred (5,500) yards of gravel," etc.

The notice of special defense admitted:

"That at and before the taking of any gravel from the pit belonging to said plaintiff in the township of Rolland," etc., and

"That said plaintiff permitted these defendants and their subcontractor to take gravel from its pit according to said agreement," etc.

The admission in the notice relieved plaintiff from establishing title.    Circuit Court Rule No. 23, § 6; *Buckeye Brewing Co.* v. *Eymer*, 157 Mich. 518; *Irwin* v. *Wolcott*, 183 Mich. 92; *Dennis* v. *Vinton*, 199 Mich. 430.

Subcontractor Edgar wanted gravel and spoke to the highway commissioner of Rolland township about getting it out of the township pit.    The commissioner spoke to two members of the township board and, as they were willing, he told Edgar he might have gravel at ten cents per cubic yard.    Edgar took about 8,500 cubic yards of gravel and paid $300.    Of course, the talk between Edgar and the commissioner and the consent of two members of the town board established no valid contract between the township and Edgar, there having been no action by the township board. But the gravel was taken by Edgar and placed upon the road and defendants Pakes and Snyder collected their full contract pay from the State.    Shall they and the surety on their bond be excused from paying for the gravel used in performing the contract with the State?

The declaration alleged the gravel was "furnished to said Pakes and Snyder, contractors, and to a subcontractor at the special insistence (instance) and request and with the full knowledge of said Pakes and Snyder, contractors, and their subcontractors."

If the declaration supports a claim of right to recover for gravel taken by the subcontractor in carrying out the contract of defendants Pakes and Snyder and disaffirmance of any contract to do so, then plaintiff may, regardless of void contract, and *ultra vires* conduct, recover the value of the gravel so taken, not exceeding, however, ten cents per cubic yard.

At the trial counsel for plaintiff conceded that the

township had no right to contract to sell gravel and any attempt to do so would be *ultra vires.* We do not understand that plaintiff seeks to recover under contract. Plaintiff does claim the right to recover the value of the gravel taken and used in the construction of the road. If the township could have made no valid contract for the sale of the gravel will that release defendants? The well settled rule on this is stated in Reese on Ultra Vires, § 74, as follows:

"Though courts acting under proper construction of the law will sustain no action on contracts made by corporations which are beyond the scope of their powers, and therefore unlawful and void, yet relief may be had by the party aggrieved by disaffirming the contract and suing to recover on a *quantum meruit* the value of what the defendant has actually received the benefit of."

A leading case on this subject is *Day* v. *Spiral Springs Buggy Co.,* 57 Mich. 146 (58 Am. Rep. 352).

But defendants insist there was no contract for the gravel and plaintiff's remedy, if any, is to waive the tort of the taker and sue in assumpsit, and then it will suffer defeat because Pakes and Snyder have not converted the gravel into money; citing *Tuttle* v. *Campbell,* 74 Mich. 652 (16 Am. St. Rep. 652); *Grinnell* v. *Anderson,* 122 Mich. 533; *Plefka* v. *Railway,* 147 Mich. 641.

As we have said, there was no valid contract for the gravel, but we think the taking thereof gave plaintiff a right to bring suit to recover for its gravel used on the highway. Defendant contractors have used plaintiff's gravel in carrying out their contract with the State and have received pay for it, and if necessary for plaintiff to show the gravel converted into money such payment meets the requirement. Want of valid contract does not save defendants from liability. When the gravel was severed and removed it was not real estate, and when used on the road there arose

an obligation to pay for such material employed in completing the contract with the State, and for which the State has paid, and defendant contractors and their surety are liable to plaintiff for the reasonable value thereof.    We think the declaration counted on such liability.    Under the provisions of the bond and the statute, plaintiff had a right to sue on the bond for the gravel taken from its pit and used in constructing the road.    Somewhat similar bonds, in highway construction, were involved in *Columbia County v. Consolidated Contract Co.,* 83 Or. 251 (163 Pac. 438); *H. H. Robertson Co.* v. *Globe Indemnity Co.,* 268 Pa. St. 309 (112 Atl. 50); *American Fidelity Co.* v. *State of Maryland,* 128 Md. 50 (97 Atl. 12).    Citing these and other cases 29 C. J. p. 612, states:

"But where the contractor's bond is given not only for the protection of the State under the contract, but equally for the protection of the laborers and the materialmen, such persons also have a right of action, irrespective of whether the express language of the bond gives it to them.    Such a bond will support an action either in their own name, or in the name of the State for their use.    *    *    *

"Persons furnishing materials and supplies to a subcontractor may recover on bond to secure payment for any materials or supplies furnished for performance of work.    *Associated Oil Co.* v. *Commary-Peterson Co.,* 32 Cal. App. 582 (163 Pac. 702)."

The very terms of the bond in suit constituted a direct undertaking of liability on the part of Pakes and Snyder and defendant surety company to materialmen for materials furnished a subcontractor.    The special defense, based on the claimed agreement with the township, under which the township, to expedite construction of the road, was to take a certain amount of road bonds at par, and, upon its failure to do so, it gave the gravel to save defendants from discount loss on such bonds, cannot be successfully urged.

226—Mich.—19.

Such an agreement was beyond the power of the township to make, brought nothing to the township and refusal to carry it out afforded no consideration for the gravel taken, and its breach gave defendants no right to say the gravel satisfied the discount suffered in taking the bonds and, therefore, defendants have received nothing from the State for the gravel. Plaintiff was lame in not showing the reasonable value of the gravel taken, but we apprehend the learned circuit judge would have afforded opportunity to supply such proof had such been the only question.

The judgment is reversed and a new trial granted, with costs to plaintiff.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.